## STOKES and JOHNSON *vs.* THE STATE.

The duties imposed by the law upon assessors, cannot be performed by a private agent, and there is no statute which authorizes the assessor to act by deputy.

The list of jurors, as made out and returned by W., cannot be made legal or valid by the subsequent ratification of the assessor.

A grand jury consists of the requisite number of competent individuals selected, summoned, impanelled legally, and sworn according to the forms of the law; and if the law be not followed, the grand jury is incompetent to perform legal acts.

An indictment found by an incompetent grand jury, may be quashed upon a plea filed. *McQuillen* v. *The State*, 8 S. & M. 587; *Rawls* v. *Same*, Ib. 599, cited and confirmed.

The strict observance of the statute in regard to the formation of a jury, cannot be dispensed with. *Held*, the court below erred in its instructions to the jury.

IN error from the circuit court of Holmes county; Hon. Robert C. Perry, judge.

The opinion of the court contains a statement of the facts of the case, where also will be found the instructions given and refused.

*D. C. Glenn,* attorney-general, for the State.

1. The replication and issue, in short, is conclusive on appellants. The court below admitted the proof complained of; and this court, in the absence of contrary proof, will presume it did so correctly. 2 Howard, 774; 3 Ib. 205, 422.

2. So much of the indictment as relates to the amount bet, is surplusage, and may be rejected. The fact of gaming is the gist of the proceeding. See H. C. 951, § 1, 7.

3. Upon the facts in the bill of exceptions, the assessment was legal. 1 Missouri, 219; 9 Ib. 183; 3 Hill, N. Y. 194.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an indictment under the statute of 1839, for the suppression of gaming, tried in the circuit court of Holmes county. The defendants pleaded severally in abatement of the indictment. The pleas contain precisely the same averments; and allege as abatable matter, that the assessor of taxes for said county did not, within one year previous to the finding of the indictment, return into the said circuit court in term time, nor to the clerk thereof in vacation, according to the directions of the statute, a list of the householders and freeholders of said county, liable under the statute to perform the service of jurors within said county; nor did the said clerk record in a book, kept for that purpose, a list of the names of the householders and freeholders so taken and returned as required by law, from which the grand jury who found the said indictment were drawn; nor was the said grand jury drawn from any "box" containing a list of the names of persons taken and returned in conformity to law. Issue was taken upon these pleas, and determined against the defendants, who thereupon pleaded not guilty, and on trial were convicted and sentenced.

On the trial of the issues joined upon the pleas in abatement, it appeared from the evidence, that the list of the names of the persons from whom the grand jury were selected, was not made

Stokes et al. *v.* The State.

out and returned by the assessor for said county, but by one West, who assumed to act as the deputy or agent of the assessor; who subsequently, and probably after the grand jury by whom the indictment was preferred, were drawn and impanelled, approved and ratified the acts of his deputy or agent.

Upon the case thus made before the jury, the defendants requested the court to charge the jury as follows: " That if they believe from the evidence, that the list of persons from whom the grand jury were drawn who found the indictment, was made out and returned to the circuit court of Holmes county by West, and not by Denton, the assessor of said county, and said list was so made out and returned in the absence of said Denton, then the law is for the defendants." This instruction was refused, and the jury were charged, that, "although the jury may believe that Denton did not return a list of persons liable to jury service, yet if they shall believe from the evidence, that West returned said list as agent for Denton, and Denton afterwards ratified the act of West, the jury will find that the return was properly made."

It is manifest, that the duties imposed by law upon the assessor of taxes in this State, cannot be legally performed by a private agent; and there is no statute which authorizes the assessor to act by deputy. As Denton, therefore, had no authority to appoint a deputy, and could not legally act in the performance of his official duties by a private agent, the list of persons qualified and liable to perform the service of jurors, as made out and returned by West, could not be made legal or valid by the subsequent approval and ratification of the assessor. But was the grand jury taken from the list, for that reason, illegally constituted?

In *Mc Quillen* v. *The State*, it was holden that a grand jury, composed of members who do not possess the requisite qualifications, or who have not been drawn, summoned, or impanelled in the manner prescribed by law, have no power to find a valid indictment. A grand jury, say the court, does not, by our law, consist of thirteen or more men congregated by the mere order of court, or by accident in a jury box; but it consists of the requisite number of competent individuals, selected,

summoned, and sworn according to the forms of law; and if the law be not followed, it is an incompetent grand jury. The same rules were recognized as settled law in the case of *Rawls* v. *State*, 8 S. & M. 599, in which it was said that the forms of the law must be followed in forming the grand jury, and that an indictment, found by an incompetent grand jury, may be quashed upon plea. Both these cases have since been held to have laid down the law correctly.

The statute, Hutch. Dig. 886, contains specific directions as to the mode of constituting the grand jury. They are to be selected by lot, from the householders and freeholders of the county, a list of whose names have been made out and returned, in the manner prescribed, by the assessor of taxes. Upon the authority of the cases above cited, it is not sufficient that they are citizens, householders, or freeholders liable to jury service. It is essential that they should also be selected, impanelled, and sworn according to law. It is clear, upon the settled doctrine of this court, that a grand jury could not be legally constituted of persons, however qualified as jurors, who were not drawn, but summoned upon the order of the court. If it is important that they should be selected by lot, it is equally so that they should be taken from the list returned by the assessor. The same reason which makes it imperative upon the courts to observe the direction of the statute in the one case, requires our obedience in the other. " These restrictions have been imposed for wise purposes. They are guards thrown around the liberties of the citizen. They constitute an important part of the right of trial by jury." If we were authorized to disregard this direction of the statute, we might dispense with an observance of any other provision. It is useless to comment on the result. The effect might be entirely to break down its provisions.

It follows, from these observations, that the issue upon the plea in abatement should have been determined in favor of the plaintiffs in error. The court, therefore, erred in its instruction to the jury.