REYNOLDS, AUDITOR, *vs.* BLUE.

[APPEAL FROM ORDER GRANTING MANDAMUS.]

1. *Appeal; when auditor may take, without giving security for costs.—* Where a peremptory *mandamus* is awarded against the auditor, commanding him to draw his warrant on the treasurer in payment of a claim against the State, he may sue out an appeal to this court without giving security for costs, if it appear that he has no personal interest in the matter, and has only acted therein in his official capacity, with a view to protect the interests of the State.

2. *Payment of money out of the treasury ; what does not authorize.—*A certificate issued to the secretary of the senate, under resolution of the Senate of the 26th of February, 1872, (Journals, p. 548,) does not, without other legislation, authorize the auditor to issue his warrant on the treasurer for the payment of the account thus certified.

3. *Constitution, Art. IV, § 31 ; what not a law within meaning of.—*A resolution of the senate requiring its president and its secretary to certify the accounts of its duly elected and appointed officers for their *per diem* compensation during the recess, is not a law within the meaning of § 31, Art. IV, of the constitution, which declares that no money shall be drawn from the treasury but in pursuance of an appropriation made by law.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

THIS was an appeal by R. M. Reynolds, auditor, from a peremptory *mandamus* issued out of the city court of Montgomery, commanding him to draw his warrant on the State treasurer, in favor of M. P. Blue, for $168, the amount claimed by Blue as his *per diem* compensation as secretary of the senate, for the twenty-one days of the recess of the general assembly of Alabama, between the 19th day of December, 1871, and the 10th day of January, 1872.

Blue's petition shows that he was secretary of the senate at the commencement of the session, during the said recess, and continued to be secretary until the end of the

session in 1872; that on the 26th day of February, 1872, the senate passed the following resolution : "*Resolved*, That the president of the senate and the secretary of the senate are hereby authorized and required to issue the usual certificates to the regularly elected and appointed officers of the senate during the recess, commencing on the 19th of December, 1871, and ending January 10th, 1872;" that petitioner's account, regularly made out and certified as required by said resolution, was presented to the auditor, and a warrant demanded on the State treasurer for the amount so certified, which demand the auditor refused to comply with. There was no allegation in the petition that Blue performed, or was required to perform, any duties during the recess.

The auditor demurred to the petition, the substance of the grounds being that the petition did not show that Blue was lawfully employed by any competent authority to render services during the recess, or that any services had in fact been rendered, or that any appropriation had been made to pay for such services, even if it were admitted that they had been rendered.

The cause being submitted for final decision on the demurrer, the court overruled the demurrer and granted a peremptory *mandamus*, &c., and hence this appeal.

Overruling the demurrer is now assigned as error.

No security was given for the costs of appeal. The clerk certified in his certificate "that no bond is required, the appeal being in behalf of the State." Appellee made a motion to dismiss the appeal on this account.

JOHN W. A. SANFORD, Attorney-General, for appellant.
RICE, CHILTON & JONES, *contra*.

PECK, C. J.—The motion to dismiss the appeal because security for the costs of the appeal was not given, must be overruled. This proceeding is essentially, except as to the name of the party against whom it is instituted, a proceeding against the State. The appellant, as auditor, has no interest in the matter, except in so far as it is his duty, as a public State officer, to protect the interests of

the State, and he ought to be permitted to do this without subjecting himself, individually, for the costs. Since the case of *Riggs, Comptroller, v. Pfister*, 21 Ala. 469, to the present time, the comptroller and auditor have uniformly, so far as we know, prosecuted appeals in such cases without giving security for the costs of the appeal, and we are not disposed to disturb this long continued practice. If not within the letter, such cases are within the spirit of section 3487 of the Revised Code.

2. At the June term of this court, 1871, in the case of Moren, lieutenant-governor, against the present appellee, we held that when the general assembly, during an annual session of the legislature, adjourns for a month, longer or shorter, and the object of such an adjournment is, that the members may return to their homes, and the business of the session thereby ceases for that time, in such cases, neither the members nor the officers of the two houses are entitled to their *per diem* compensation for the period of such an adjournment; that where officers receive a *per diem* compensation, there must be a *per diem* service.

In principle, there is no substantial difference between that case and the present. The resolution of the senate dated the 26th of February, 1872, (Journal, p. 548,) authorizing and requiring the president and the secretary of the senate to issue the usual certificates to the regularly elected and appointed officers of the senate during the recess of the general assembly, commencing on the 19th of December, 1871, and ending on the 10th day of January, 1872, does not, *without other legislation*, make it the duty of the auditor, nor authorize him, to draw his warrant on the treasury for the payment of certificates issued by authority of said resolution. Article IV, § 31 of the constitution, says, "No money shall be drawn from the treasury but in pursuance of an appropriation made by law." Said resolution is not a law within the meaning of that section of the constitution, and we are not informed, nor is it stated in appellee's petition, that any law has been passed providing for the payment of said certificates. Without this,

46

the auditor correctly refused to draw his warrant on the treasury for the payment of the certificate issued to petitioner under said resolution.

The demurrer of the auditor to appellee's petition should have been sustained. The judgment of the court below is reversed, at appellee's costs.