# Singleton, *et al. v.* Jackson.

## *Ejectment.*

(Decided May 30, 1912. 59 South. 45.)

1. *Champerty and Maintenance; Grant of Land; Validity.*—Where the holder of a vendor's lien purchased the land at a chancery sale to enforce the lien against the purchaser in possession, and on the following day conveyed the land to a third person, such conveyance was valid notwithstanding the possession of the other.

2. *Ejectment; Improvement; Compensation; Statutes.*—In order to invoke the provisions of section 3846, Code 1907, a defendant must file the suggestion in the nature of a plea, or have the court note it on the record, or have it incorporated in the record proper in some way, and where an ejectment suit is tried solely on the general issue, the question of adverse possession with valuable improvements is not an issue.

3. *Same; Description of Land; Sufficiency.*—In ejectment a description of land as the east half of the southwest quarter, section 5, township 8, range 4 east, in Marshall county, is sufficient to support a verdict and to give the circuit court of Marshall county at Guntersville jurisdiction.

4. *Appeal and Error; Review; Presumptions.*—Where a county is divided into judicial districts and land is sought to be recovered in one of such divisions, it will be presumed on appeal from a judgment in ejectment that the land is in such division, and subject to the jurisdiction of the court in that division in the absence of a plea to the venue.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by James L. Jackson against W. L. Singleton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The land sued for is described as follows: E. ½ of S. W. ¼, sec. 5, T. 8, R. 4 east, in Marshall county, Ala. The bill of exceptions recites that in 1889 one J. T. Sparks was in possession of the land sued for, claiming it as his own, and while thus in possession he sold and conveyed the lands to W. L. Singleton, by deed absolute in form acknowledging full payment, but in fact $68 was never paid, and Singleton, contemporaneously with the execution of the deed, executed and delivered a note, payable one day after date, for $68, payable to said Sparks, and reciting that it was part of the purchase money of said lands, which note was on the same day transferred by indorsement and delivered by Sparks to W. A. Mitchell. Then follows a chancery proceeding by Mitchell against Singleton to enforce a vendor's lien on said land for said note, together with a decree of sale, a sale hereunder, a report of sale, and an order by the chancellor confirming the sale and ordering the register to make deed to the purchaser, a deed from the register to Mitchell as the purchaser, and a command from the chancery court to deliver possession of the land to J. L. Jackson as a purchaser from Mitchell of Singleton's interest in the land. Then follows Mitchell's deed to the land sued for to James L. Jackson. This was all objected to on the ground that Singleton was in possession at that time, and there was evidence tending to show that said Singleton had been in possession of the land since his purchase from Sparks, claiming to own it, and denying the ownership of any other person. The chancery suit was filed November 2, 1900, and the present ejectment suit was filed November 25, 1910. The decree ordering sale was filed May 17, 1901, and the deed from the register to Mitchell was made November 14, 1901. The bill of exceptions further recites that the trial court rules that the defendant Singleton was not

entitled to have assessed by the jury the value of any permanent improvement put on the land subsequent to the sale under chancery decree, on the ground that his possession thereafter could not be adverse to the purchaser at the register's sale, or to Jackson, his grantee.

STREET & ISBELL, for appellant. Section 3839, Code 1907, is not retroactive, and the court was in error in giving that effect to the statute, in admitting the deed made while another was in possession.—*Grant v. Nations,* 55 South. 310. The defendant was in no sense estopped from setting up adverse possession by the foreclosure decree and sale, as the presumption that a defendant in execution at a judicial sale holds in subordination to the purchaser, is not a conclusive one, but may be rebutted.—1 Cyc. 1032; *Dothard v. Denson,* 72 Ala. 541; *Wells v. Sheerer,* 78 Ala. 142; *Robinson v. Allison,* 97 Ala. 596; *Ponder v. Chees,* 104 Ala. 307. The authorities in other states to this effect are positively overwhelming.—1 Cyc. 1054, 1055, 1058, 1061 and authorities there cited. The court was in error in depriving defendant of the right guaranteed under the three year statute of possession and valuable improvement. It is not shown by the pleadings that the land was situated in the Guntersville jurisdiction.—*Merchants Bank v. McNaron,* 55 South. 242; Acts 1909, p. 15. This being true, the complaint fails to state a substantial cause of action which may be taken advantage of on appeal.— *Goodwin v. Forman,* 114 Ala. 489.

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellee. As Singleton remained in possession after a decree and sale adverse to him his possession was subordinate to that of the true owners.—1 Cyc. 1055, *Root v. Woodworth,* 150 U. S. 400. His holding was by sufferance

[Singleton, et al. v. Jackson.]

and could not be adverse.—*State v. Conner*, 69 Ala. 212; 1 Cyc. 1069-70. The deed conveyed the legal title, and did not fall under the ban of the rule against deeds made where there was an adverse holding.—*Brunson v. Morgan*, 86 Ala. 318; *Sellers v. Farmer*, 151 Ala. 489; *Watt v. Killebrew*, 156 Ala. 454.

ANDERSON, J.—It is true that we have heretofore held that section 3839 of the Code of 1907, which was enacted to abolish the rule invalidating deeds made to lands when adversely held by another, did not apply to deeds made prior to the adoption of the Code.— *Grant v. Nations*, 172 Ala. 83, 55 South. 310; *Seabury v. Hemley*, 174 Ala. 113, 56 South. 530.

Yet, as we view the law and facts in the case at bar, the rule as it heretofore existed could not apply to the deed from Mitchell to Jackson, the present plaintiff. The land was sold under a judgment rendered to enforce a vendor's lien in favor of Mitchell the lienor against Singleton, the vendee. Mitchell became the purchaser at the chancery sale, and the respondent's possession could not be adverse to that of the purchaser. Consequently a deed made by Mitchell to Jackson, while Singleton, the respondent, was in possession of the land, was valid.—*Brunson v. Morgan*, 86 Ala. 318, 5 South. 495; *Sellers v. Farmer*, 151 Ala. 487, 491, 43 South. 967, and many cases cited.

It may be doubtful if the defendant Singleton could invoke the statute as to valuable improvements, under adverse possession for three years, as he was the respondent in the chancery proceedings, and the purchaser at said chancery sale acquired his title and rights to the land including the improvements, or the claim for same, yet, if such was not the rule, the question is not so presented as to enable us to review the same. Section

[Singleton, et al. v. Jackson.]

3846 of the Code requires such a suggestion to be made upon the record; that is, by filing the same in the nature of a plea, or having the court note the same upon the record, or by having it incorporated in the record proper in some way, and which was not done in the present case. From aught that appears from the record proper, the case was tried solely upon the general issue, and it does not appear therefrom that the question of adverse possession with valuable improvements was made an issue in the case.

The description of the land shows that it is in Marshall county, Ala., and is sufficiently accurate to support a verdict, and the circuit court of Marshall county had jurisdiction to try the case and presumably the land was in the Guntersville division of the county.

If it was not, the defendant should have pleaded to the venue, and, not having done so, we will assume that it was in the Guntersville division, and subject to the jurisdiction of the court, when held at that place. The judgment is valid upon its face, and is supported by a definite and sufficient complaint, and we will not disturb same because it does not affirmatively show whether the land is situated in the Guntersville or Albertville division of Marshall county, as defined by Act Sp. Sess. 1909, p. 15. The case of *Goodwin v. Forman*, 114 Ala. 489, 21 South. 946, is unlike the present case. There the complaint was void for the uncertainty of the description, and was not sufficient to support a valid verdict and judgment, and the court had to take the point upon appeal. Here the complaint is accurate and valid, and is sufficient to support the verdict and judgment.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.