## McLendon, *et al. v.* Empire Mining Co.

### Mandamus.

(Decided April 5, 1917.   74 South. 937.)

1. **Appeal and Error; Bonds; Necessity; County Tax Officers.**—Tax officers of a county against whom, as such, mandamus is granted, having no personal interest in the litigation, but being representatives of the state and the public, being clothed with powers and duties to be exercised in behalf of the state, need not give the bond requird by Code 1907, section 2843, on appeal from judgment on a remedial writ, but are within the spirit of section 2440, providing that the state is entitled to all remedies for enforcement of rights between individuals without giving security.

2. **Taxation; Assessment; Valuation by Single Member of Board.**—Under Act Sept. 14, 1915 (Gen. Acts 1915, pp. 416, 420) sections 73, 79, providing that the opinion of the majority of the county board of equalization shall govern in the valuation and equalization of values, valuation by a single member with no action thereon by the board or a majority of its members, does not bind it or the state, notwithstanding any custom or agreement among the members.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Mandamus by the Empire Mining Company against D. E. McLendon as Tax Assessor and the Tax Collector and Members of the Board of Equalization of Jefferson County relative to entering tax valuation. From an order granting the mandamus defendants appeal. Reversed and rendered.

W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for appellants.  E. J. SMYER for appellee.

SOMERVILLE, J.—The appeal is from an order of the circuit court granting to the petitioner a peremptory writ of mandamus commanding the respondents—who are respectively the tax assessor, the tax collector, and the three members of the

board of equalization, of Jefferson county—to enter as the valuation of its property for assessment a certain valuation thereof made by respondent Klyce, a member of said board, on July 12, 1916, in lieu of a valuation made and entered by the board of September 22, 1916.

Two questions are presented by the appeal: (1) (1) Are the respondents required to give security for the costs of appeal under the general provisions of section 2843 of the Code; or are they excused therefrom by reason of the exemption accorded to the state in that regard by section 2440?

While there is for many purposes a distinction between state and county officers (*Ex parte Wiley,* 54 Ala. 226, 228), yet many county officers are clothed with powers and duties to be exercised in behalf of the state, albeit their functions are restricted to the territorial limits of the county, for which they are elected or appointed. This is manifestly true of all officers who share in the valuation and assessment of property for taxation, there being but one assessment for both state and county purposes. In the present case these respondents have no personal interest in the subject of litigation, but are the representatives of the state and the public—the real and only party in interest. In *Reynolds, Auditor, v. Blue,* 47 Ala. 711, it was said, per PECK, C. J.: "The motion to dismiss the appeal because security for the costs of the appeal was not given must be overruled. This proceeding is essentially, except as to the name of the party against whom it is instituted, a proceeding against the state. The appellant, as auditor, has no interest in the matter, except in so far as it is his duty, as a public state officer, to protect the interests of the state, and he ought to be permitted to do this without subjecting himself, individually, for the costs. * * * If not within the letter, such cases are within the spirit of section 3487 of the Revised Code."

We approve the soundness of the decision and its application here requires the overruling of appellee's motion to dismiss the appeal for want of security for costs.

(2) (2) Was the valuation of petitioner's property by a single member of the board of equalization, with no action thereon by the board, or by a majority of its members, binding upon the board and upon the state?

A county board of equalization, as created and regulated by the act of September 14, 1915 (Gen. Acts 1915, p. 413), is com-

posed of three members, and it is expressly provided (section 73) that "the opinion of the majority of said board shall govern in the valuation and equalization of values of all property." This is repeated in section 79. When any objection is made to the returns certified by the board, or any two of them, to the tax assessor, "it shall be the duty of the board to examine under oath any complaining property owner and to examine any other witnesses under oath as to the reasonable cash value of the property of such owner, and if it is found from the evidence that the valuation placed by the board on the property was not 60 per cent. of the reasonable cash value of such property, then they shall correct the valuation or assessment so that it will show 60 per cent. of the reasonable cash value, and such corrected amount shall constitute the taxable value of said property; but if the board shall find from all evidence that the valuation placed on the property was 60 per cent. of the reasonable cash value thereof, then said valuation shall stand as the taxable value of said property."

The authorities are uniform to the conclusion that: "Where an assessment is required to be made by a board composed of several officers, the law intends that it shall be the joint act of all the members of the board, and an assessment made by one or more members without the concurrence of the rest is invalid, unless it is adopted by the full board."—37 Cyc. 983, c, citing the cases.

"The exception to this rule is that the action of a majority of the board will be legally sufficient where joint or concurrent action has been attempted and has failed, either because some of the members refuse to act or because of an irreconcilable difference of opinion.—37 Cyc. 984, c.

Mr. Burroughs says: "The weight of authority is that a majority of the assessors required by law, duly qualified, may act, and their acts are as valid as if done by all of the assessors. But the act must be that of the majority, and where it appears that it is only the act of one assessor, where the law requires several, it is void. Nor does it give any validity to the act, where there are five assessors, to show that it was the usage in the town to divide it into districts, and each assessor to act independently of the others in making the assessment. Such an assessment is the act of one assessor, and not of all or a majority. Their duties cannot be performed by deputy."—Burroughs on Taxation, § 94;

[McLendon, et al. v. Empire Mining Co.]

*Middleton v. Berlin*, 18 Conn. 189; *Granger v. Parsons*, 2 Pick. (Mass.) 392; *Stokes v. State*, 24 Miss. 621.

In any case the valuation or assessment must be the act of the board, directed by at least a majority of its members, whether it be based upon an original joint agreement, or upon the opinion of a minority adopted by the board. A county board of equalization is a body of limited statutory powers. When it acts it must proceed in accordance with the mandates of the law of its creation. To hold that the act of one member of the board of three is binding upon the state or the citizen would be subversive of law and policy alike. Nor can such a result be validated merely because the members of the board have so agreed, nor because the property owner has consented to that procedure. Neither custom nor agreement can set aside the mandates of public law involving the interests of the state.—*State v. Hall*, 172 Ala. 316, 54 South. 560.

It has, indeed, been held that when two of the three judges of this court were disqualified to act, the parties might by written agreement, filed of record, qualify the single remaining judge, either alone or in conjunction with special judges agreed upon, to render the judgment of the court.—*Bullard v. Lambert*, 40 Ala. 204; *Donnell v. Hamilton*, 77 Ala. 610. This was upheld because it was done under the solemnly recorded agreement of the parties, which estopped them from denying their own authorization. And it was merely a waiver of their right to judgment by the bench.

In the instant case, while acting as appraisers, and discharging a public judicial duty, the members of the board were without authority to make any agreement for the state in derogation of the express mandates of the law under which alone they were authorized to act. Had the board, as a board, adopted the act of Klyce, a different question would be presented. We have not overlooked the conditions and circumstances under which the board and its members were acting during the session at which this particular valuation of petitioner's property was made by Klyce, nor the hardship to petitioner by reason of the repudiation by the board of a valuation agreed to by it, in good faith no doubt. But, as we view the case, none of these considerations can affect the result, and their discussion would be useless.

We hold that petitioner does not show itself entitled to the writ commanding the respondents to reinstate upon their respec-

[Walker, et al. v. McPherson, et al.]

tive books and records the valuation made by Klyce, as the judgment or finding of the board of equalization. We do not hold that the valuation made by the board on September 22, 1916, was valid and controlling; a decision of that question being unnecessary in this case.

The demurrers to the petition should have been sustained, and the judgment of the circuit court will be reversed, and a decree here rendered sustaining the demurrers, in accordance with the views above expressed.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.