(75 South. 818)

### OAKS v. STATE. (5 Div. 248.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

BRIBERY ⊚⇒3½—OFFICER—WHO IS.

Under Code 1907, § 6401, as to acceptance of bribes by an executive officer, an indictment will not lie against a town marshal, while acting for the municipality, for accepting a bribe as an executive officer of the state.

Appeal from Circuit Court, Russell County; A. H. Alston, Judge.

John T. Oaks was convicted of accepting a bribe as an executive officer of the state. Defendant appeals. Reversed and remanded.

Glenn & De Graffenried, of Seale, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The proof showed without dispute that the defendant was the town marshal of the municipality of Girard, Ala.; and it is contended for this reason the affirmative charge should have been given, as requested by the defendant. As authority for this contention, counsel for defendant have directed our attention to State ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 South. 31.

If we were at liberty to decide this case in line with the views expressed by Anderson, C. J., in the case of Draper v. State ex rel. 175 Ala. 553, 57 South. 772, Ann. Cas. 1914D, 301, et seq. (with which a majority of the court did not agree), (1 Dillon on Municipal Corporations, § 98, Barnes v. District of Col., 91 U. S. 540, 23 L. Ed. 440, 36 Cyc. 852, People v. Curley, 5 Colo. 412, People v. Ashburner, 55 Cal. 517, and 28 Cyc. 497 d, and authorities there cited, together with the statement of Brickell, C. J., in the noted case of State ex rel. Winter v. Sayre, 118 Ala. 1, 24 South. 89, where the learned judge said, "Every public officer * * * deriving place and authority from the Constitution or laws, is an officer of this state," coupled with the power given town marshals in section 6267 of the Code), our decision might be different; but under the decisions of the Supreme Court in Wiley's Case, 54 Ala. 226, Draper's Case, supra, and State ex rel. Wilkinson v. Lane, supra, we are forced to hold that a town marshal, while acting for the municipality, is not a state officer, within the meaning of section 6401 of the Code.

It therefore follows that the court erred in refusing the general charge as requested by the defendant; and for this error the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.