(84 South. 712)

HINES v. HINES et al. (6 Div. 919.)

(Supreme Court of Alabama. Jan. 15, 1920. Rehearing Denied Feb. 5, 1920.)

1. COURTS ⟝198—PROBATE COURT OF JEFFERSON COUNTY HAS JURISDICTION COEXTENSIVE WITH CONFINES OF COUNTY.

The probate court of Jefferson county has jurisdiction coextensive with the confines of the county; Gen. Acts 1915, pp. 549–553, not intending the creation of two probate courts in such county, its only effect being to assign the venue, not the jurisdiction over a subject-matter arising in a defined area, thereby establishing at Bessemer a mere branch, department, or division of the single unit.

2. COURTS ⟝24, 25—JURISDICTION OF PERSON ACQUIRED BY CONSENT, BUT NOT OF SUBJECT-MATTER.

Consent cannot give jurisdiction of the subject-matter, but venue and jurisdiction of the person may be waived by appearance and participation, unless seasonably raised in the trial court.

3. APPEAL AND ERROR ⟝186—OBJECTION TO VENUE MUST BE RAISED BELOW.

If party desired to save, and not waive, the objection to the power of the probate judge of Jefferson county or court to decide the matter in question at Birmingham, instead of at Bessemer, under Gen. Acts 1915, pp. 549–553, it should have been reserved in the lower court.

4. DIVORCE ⟝158 — PROVISION OF DECREE CONDITIONING REMARRIAGE ON PAYMENT OF COSTS VOID.

Provision in a decree of divorce that the parties might again contract marriage on paying the cost of the cause was void.

5. MARRIAGE ⟝11—SUBSEQUENT ATTEMPTED MARRIAGE DID NOT AFFECT RELATION.

Where woman was validly married, a subsequent effort to marry another was without effect upon the previous validly contracted relation.

6. APPEAL AND ERROR ⟝1011(1)—FINDINGS ON CONFLICTING EVIDENCE NOT DISTURBED, UNLESS MANIFESTLY AGAINST EVIDENCE.

Where question is tried by the court without a jury on testimony given viva voce in the court's presence, his finding will not be reversed on appeal, where the evidence was conflicting.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Contest between Emma Hines and Anna Hines and others for appointment as administratrix of the estate of Sam (or Elias) Hines. From the decree granting letters to Anna Hines, Emma Hines appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant. The court erred in permitting another party to intervene and contest Emma's right, without an issue made as required by section 2525, Code 1907. 176 Ala. 480, 58 South. 444; section 10, Const. 1901; 129 Ala. 232, 29

South. 676. The court erred in permitting the marriage certificate from Sumter county in evidence. Sections 4886, 4887, Code 1907, and authorities supra. The divorce proceedings did not give Ann Fountain the right to remarry. 139 Ala. 292, 35 South. 884; 173 Ala. 111, 55 South. 632; 200 Ala. 329, 76 South. 102. The court erred in granting a new trial. Authorities supra, and 101 Ala. 112, 13 South. 386; 197 Ala. 231, 72 South. 503; 196 Ala. 631, 72 South. 171; 125 Ala. 644, 27 South. 843.

Mathews & Mathews, of Bessemer, for appellee. The divorce granted authority to remarry. Section 3796, Code 1907; 20 Ala. 629; 33 Cal. 363; 75 Cal. 213; 34 Ind. 365.

McCLELLAN, J. This appeal brings up for review the action of the probate court of Jefferson county in appointing an administratrix of the estate of Sam or Elias Hines, deceased. The asset of the estate mentioned in the petitions is a claim for damages resulting from the death of the decedent.

On the same date two women filed their respective petitions for appointment as administratrix of the estate. Each averred that she was the widow of the decedent. One, Emma Hines (appellant), gave the decedent, referred to in her petition, the name of Sam Hines; and the other, Annie (appellee), gave the decedent, referred to in her petition, the name of Elias Hines. On December 31, 1918, the probate court, after hearing at Bessemer, in Jefferson county, decided the issues in favor of Emma Hines, declared Emma to be the widow of Sam Hines, deceased, and ordered letters of administration issued to Emma, suspending the issuance of letters until 30 days for appeal by Annie should expire. On January 4, 1919, Annie filed her petition for rehearing of the contest so decided on December 31, 1918; the court's order reciting that "the parties appearing consented that the court should hear the petition in Birmingham," and setting the hearing for January 16, 1919, at Birmingham. On January 16, 1919, the court, "by agreement of counsel," passed the matter to January 27, 1919, "that being the regular court day at Bessemer," in Jefferson county. In the record, over date of January 4, 1919, the attorney for Emma Hines appears to have executed a writing containing this:

"* * * And consent that the same [i. e., the motion for rehearing] be set for hearing before the judge of probate, 17th January, at Birmingham at any time after the 4th day of January, 1919."

The subsequent "agreement of counsel," recited in the court's record under date of January 16, 1919, appears to have annulled the written agreement just above mentioned; the

proceeding being then passed to January 27, 1919, at Bessemer. The hearing of the motion for rehearing seems to have taken place at Bessemer on the 27th day of January, 1919, counsel being present. As recited in the order of date January 27, 1919, the court received submission of the matter of the motion for rehearing and the affidavits supporting and opposed thereto, and took the cause under "advisement," and on January 29, 1919, awarded the rehearing or new trial at Birmingham. Appellant insists the probate court was without jurisdiction to make the order granting the new trial at Birmingham; that the court could only perform that judicial function at Bessemer, whereat, under the act approved September 16, 1915 (Gen. Acts, pp. 549–553;' Board of Revenue, etc., v. Huey, 195 Ala. 83, 70 South. 744) particularly section 9 thereof, the probate court must be held at stated times (special or adjourned terms thereat being authorized) for the disposition of matters arising within a territorial area surrounding the city of Bessemer. Neither objections to the action taken by the court at Birmingham in this proceeding nor anything else suggestive of the impropriety of taking action at Birmingham, instead of at Bessemer, appears to have been brought to the attention of the probate court.

[1-3] The act above noted constitutes Bessemer a branch headquarters, away from the county seat at Birmingham, for the purposes therein defined. The probate court is required to be held at Bessemer at certain or otherwise lawfully fixed times. The probate court of Jefferson county has jurisdiction coextensive with the confines of the county. It is a court of general jurisdiction, coextensive with the county, where the appointment of administrators is concerned. The act noted did not effect or intend the creation of two probate courts in Jefferson county. The act's effect was to assign the *venue*—not the *jurisdiction* over a subject-matter within the competency of such courts—of matters arising in a defined area to judicial cognizance at Bessemer, thereby establishing at Bessemer a mere branch, department, or division of the single unit, the probate court of Jefferson county. Singleton v. Jackson, 177 Ala. 123, 127, 59 South. ±5; Huntsville Gro. Co. v. Johnson, 13 Ala. App. 488, 69 South. 967; Woolf v. McGaugh, 175 Ala. 299, 57 South. 754. As is familiar, consent cannot give jurisdiction of the subject-matter, but venue and jurisdiction of the person may be waived by appearance and participation, unless seasonably raised in the trial court. Authorities supra. Here the Probate Court of Jefferson county had jurisdiction of the subject-matter, viz. the appointment of an administratrix for the estate or estates in question, and the issuance, in consequence of this power, of letters to the person appointed. If the appellant desired to save, and not waive, the objection to the power of the probate judge or court to decide the matter at Birmingham, the county seat, instead of at Bessemer, it should have been reserved in the lower court. The insistence stated cannot be approved. If it possessed merit at all, waiver was effected.

The issues, almost purely of fact, presented by the two petitions, were these: (a) whether Sam or Elias Hines, then lately deceased, was one person; (b) whether Emma or Annie was his lawful wife at the time of his death. Both of these issues were vigorously contested by these parties. On the first hearing the court decided both issues in favor of Emma Hines, who claimed to be the widow of Sam Hines, deceased. Many affidavits were presented for and against the respective contentions of these women. The court granted the new trial moved for, and effectually revoked its former decree or order of December 31, 1918. On the evidence submitted on the hearing of the motion for new trial it cannot be affirmed that the movant was concluded by an absence of proper diligence in the premises. After a careful consideration of the evidence submitted on that hearing, this court is not convinced that error was committed in granting the new trial.

[4, 5] Upon the retrial the court heard many witnesses. While there was conflicting evidence touching the identity of the deceased person, as being either Sam Hines or Elias Hines (two persons), the conclusion prevailing with the trial court, that Sam or Elias was but two names of one person, appears to have been well founded. Indeed, no doubt is entertained on the present record that Elias Hines was this decedent's original name, and that later he was alternately known and called in and about Bessemer by the names of Sam or Elias. Regarding the fact as established that Sam or Elias was one person, it appears to be fairly certainly proven that Annie Williams (the appellee) was married to Elias alias Sam Hines in 1895. It is not shown that this marriage had been legally annulled. The former marriage of Annie to Fountain was effectually annulled in the chancery court of Sumter county, Ala., in 1892; it being expressly provided in the decree that both parties might again contract marriage. The provision of that decree that the parties might again contract marriage on paying the cost of the cause was void. Mickle v. State, 21 South. 66. No prejudicial error resulted from the refusal of the court to admit the record or documents pertaining to the marriage of Ann Williams and Morgan Thomas; the recitals being that this marriage was contracted in 1899, several years subsequent to what appears on this record to have been the valid consummation of a marriage between this decedent and the appellee. If she was validly

married to decedent in 1895, the subsequent (in 1899) effort (if so) to marry Morgan Thomas was without effect upon the previous validly contracted relation between Ann and Elias Sam Hines.

[6] The trial court saw and heard the witnesses. Proper observance here of the rule set down in Bell v. Bell, 183 Ala. 645, 62 South. 833, among other decisions, forbids the disturbance of the result attained by the court below.

The order or decree appealed from is not affected with prejudicial error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.