[No. 3061.  Dec. 28, 1925]

CARTER, STATE COMPTROLLER, v. COURY

[242 Pac. 331]

### SYLLABUS BY THE COURT

1. Motion to dismiss because assignments of error not filed prior to return day denied; it appearing that the assignments of error were filed on the same day as the transcript, and prior to the filing of motion to dismiss.

2. An appeal by the state comptroller from judgment of the district court in a case prosecuted in the interest of the state is an appeal by the state, and no cost bond is required.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Suit by G. J. Coury, a taxpayer, against the County Treasurer of Gaudalupe County and others, for an injunction, in which R. H. Carter, as State Comptroller, intervened. Judgment against the intervener, from which he appeals. Plaintiff moves to dismiss the appeal. Motion denied.

Tom W. Neal, of Las Vegas, for appellant.

F. Faircloth, of Santa Rosa, for appellee.

BICKLEY, J. On June 23, 1924, the board of county commissioners of Guadalupe county isued to R. H. Carter, state comptroller, two warrants in payment of certain audits made by the state comptroller's office of the treasurer and collector's office of Guadalupe county. The county treasurer and the board of county commissioners, upon the application of G. J. Coury, a taxpayer, were temporarily restrained from paying said warrants, and ordered to show cause why the restraining order should not be made permanent. Thereafter R. H. Carter, as state comptroller, upon his application, was permitted to intervene in said cause. Judgment was rendered

[1] 4CJ p. 588 n. 87 New.
[2] 3CJ p. 1122 n. 88, 89.

against the intervener, from which judgment an appeal was taken in open court on the 4th day of December, 1924. The transcript of record was filed in this court on June 3, 1925.

Plaintiff below, appellee here, files a motion to dismiss the appeal and affirm the judgment on the following grounds.:

"(1) Because appellant has not assigned errors and served a copy of such assignment upon the appellee, and he has not filed a copy of such assignment of errors with the clerk of this court on or before the return day to which this cause was returnable, nor has such assignment of errors been yet filed with the clerk, as required by law.

"(2) Because no cost bond has been filed herein by appellant within 30 days from the date of the appeal herein, to wit, December 4, 1924, as required by law.

"(3) Because the transcript herein does not raise any question for the consideration of this court, because the attention of the trial court was not called to any specific error or irregularity."

The third ground of the motion will not now be considered, but will be reserved for later consideration.

[1] The first ground of the motion is ruled against the movant, because the record shows that asignments of error were filed on June 3, 1925, upon the same date upon which the transcript was filed, and prior to the date of the filing of the motion to dismiss on July 30. 1925. See Gauss-Langenberg Hat Co. v. Raton National Bank, 17 N. M. 233, 124 P. 794; Id., 17 N. M. 236, 126 P. 1013, where we denied motion to dismiss which was not filed until after appellant's motion to file assignments of error was filed and leave granted, thus curing default.

[2] The second ground of the motion is ruled against the movant upon the authority of First National Bank of Bernalillo v. State, 26 N. M. 401, 193 P. 73, where we held that an appeal by the State Tax Commission or special counsel is an appeal by the state, and no cost bond is required, and stated

that the State Tax Commission and the special counsel are only the agents designated by the statute to represent the state.

See also McLendon et al. v. Empire Mining Co. 199 Ala. 482, 74 So. 937, quoting from Reynolds, Auditor, v. Blue. 47 Ala. 711, as, follows:

"The motion to dismiss the appeal because security for the costs of the appeal was not given must be overruled. This proceeding is essentially, except as to the name of the party against whom it is instituted, a proceeding against the state. The appellant, as auditor, has no interest in the matter, except in so far as it is his duty, as a public state officer, to protect the interests of the state, and he ought to be permitted to do this without subjecting himself, individually, for the costs. * * * If not within the letter, such cases are within the spirit of section 3487 of the Revised Code."

The foregoing quotation aptly describes the situation with respect to the appeal taken by the intervener, the state comptroller, in this case.

There is no proof of service of the assignment of errors on appellee; but see Palmer v. Allen, 18 N. M. 237, 135 P. 1173.

For the reasons stated the motion to dismiss the appeal will be denied; and it is so ordered.

PARKER, C. J.. and WATSON, J., concur.