169 So. 720

## HAWKINS v. JEFFERSON COUNTY.

6 Div. 883.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

Thos. J. Judge and Eugene H. Hawkins, pro se, both of Birmingham, for appellant.

Ernest Matthews, of Birmingham, for appellee.

FOSTER, Justice.

This is a petition filed under the Uniform Declaratory Judgments Act, approved September 7, 1935 (Gen.Acts 1935, p. 777), for the purpose of determining the validity of an act of the Legislature approved April 19, 1933 (Loc.Acts 1933, Ex. Sess., p. 43), which undertakes to fix the salary of the probate judge of Jefferson county at $6,500 per annum, and made to become effective by its terms upon its approval. Another act had been approved by the Governor July 30, 1931, enacted by the same Legislature at a different session, by which the salary of probate judges in all counties having more than 300,000 population according to the last or any succeeding federal census is fixed at $7,500 per annum, but made to take effect January 15, 1935. Gen.Acts 1931, p. 772 (House Bill 1179).

The petitioner is the probate judge of Jefferson county, serving a term, for which he was elected at the general election in 1934, and whose term began January 15, 1935. In order to justify a suit under the Declaratory Judgments Act, supra, there must be then in existence an actual controversy with opposing parties, such as can be submitted to judicial consideration and judgment. Borchard on Declaratory Judgments, pp. 35 et seq.; 33 Corpus Juris 1100; Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450.

Section 2 of the act in question justifies a suit to test the validity of a statute, when, of course, there is such a controversy as that above mentioned.

A controversy of that sort is here shown, though not thus directly stated, so as to invoke the power of the circuit court, subject to review by appeal as other final judgments of that court, by section 7 of the act.

It is first insisted that it was not the purpose of the Local Act of 1933 to repeal that of 1931, in that the latter fixes January 15, 1935, as the date when its operation will commence, and the act of 1933 fixes no such date, but declares that it will be effective on its approval. The theory is that the Legislature must have intended it to cease its operation when the former became operative, and to read them both together, one extending to January 15, 1935, and the other continuing from date.

Neither that question nor any other in this proceeding will require us to pass on the proposition of whether the act of 1931 was local and required notice, etc., or was general and needed no proof of notice, on account of the view which we entertain in respect to the questions raised. But we have not overlooked in that connection our cases of Brandon v. Chambers, 229 Ala. 327, 157 So. 235; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Dillon v. Hamilton, 230 Ala. 310, 160 So. 708.

■ When the language of an act is specific and clear, we can add nothing to it by way of construction. The act of 1933 fixes the salary of the probate judge, repealing all laws in conflict, and providing that it shall go into effect on its approval. That is not a limitation to expire on January 15, 1935, because it is not so stated. By its terms there is no limit to its duration and therefore extends beyond January 15, 1935. The act of 1931 likewise by its terms extends to a period beginning on January 15, 1935. They are therefore in conflict after that date, and we think the act of 1933 was intended to supersede that of 1931 to that extent.

■ It is next insisted that the act of 1933 violates sections 68 and 281 of the Constitution, as respects petitioner and the controversy here sought to be judicially declared, in that the Jefferson county amendment No. 2, Code, p. 429 (Const. 1901, amend. No. 2), did not mean to affect those sections, when it conferred the power on the Legislature, from time to time to alter the salary of any county officer of Jefferson county. But such authority to do so from time to time is, we think, inconsistent with those sections, and if it had been intended that they should continue in effect in Jefferson county, after the amendment, we do not think such would have been its broad unrestricted language. We see no reason to depart from that construction of the Jefferson county amendment, which has been adopted by the Court of Appeals, and approved by this court. Sloss-Sheffield Steel & Iron Co. v. Brooks, 19 Ala.App. 107, 96 So. 81, certiorari denied Ex parte Sloss-Sheffield Steel & Iron Co., 209 Ala. 264, 96 So. 83; Waldrop v. Henry, 207 Ala. 128, 92 So. 425; Riley v. Louisville & Nashville R. Co., 18 Ala.App. 279, 92 So. 23; Henry v. State ex rel. Hartsfield, 218 Ala. 71 (9), 117 So. 626. Other acts are referred to whose constitutionality was upheld against sections 68 and 281, supra, when that amendment is not mentioned as affecting them. Waldrop v. Henry, 207 Ala. 128, 92 So. 425; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; State v. Henry, 224 Ala. 224, 139 So. 278. But that does not make them authoritative that the amendment was not applicable. But we do not think that the act of 1933 is controlled by sections 68 and 281, Constitution, as here applicable, assuming that they are not affected by that amendment.

■■ Appellant seems to think that the whole question is dependent upon whether sections 68 and 281, Constitution, continue to apply to the probate judge of Jefferson county, and that if they do, the act of 1933 is violative of them in respect to the controversy here sought to be determined.

While we do not agree that sections 68 and 281, supra, do apply, we do not understand that the act of 1933 is violative of them as to the controversy now before us, if they should be held to do so.

It is contended that it is avoided by those sections, in that thereby the salary of the probate judge was decreased during the term for which he was elected or appointed. The petitioner seeks to have determined, whether at the time when suit was begun, November 5, 1935 (which was, of course, after January 15, 1935; and also after October 1, 1935 [Sparks' Amendment, Const.1901, Amend. No. 26A]), he is due to receive his compensation under the act of 1933, and whether that act is constitutional under sections 68 and 281, Constitution, and the Jefferson county amendment.

The amount of petitioner's salary now involved is that which pertains to a term subsequent to the adoption of the act as well as to the end of the period named in the Sparks' Amendment. Sections 68 and 281, Constitution, would have consideration in respect to the term of his office to which he had been elected or appointed in which the act was passed, except as affected by the Sparks' Amendment and the Jefferson county amendment. But regardless of any other consideration, those sections would not prevent a decrease by law in salary beginning with a term to which he had not been elected or appointed at the time the law was enacted. We do not think that because of the circumstance that an act cannot for the period of a certain time decrease a salary, it may not be effective to do so at the end of that period, although its terms are that its effect will begin during

the prohibited time. That situation merely is to suspend its effect until such time as it shall be operative under the Constitution. State Docks Commission v. State, 227 Ala. 521 (3), 150 So. 537; State ex rel. Thomas v. Gunter, 170 Ala. 165 (3), 54 So. 283; 46 Corpus Juris, 1022, note. The act was not void for that reason when it was enacted, but its effect would be limited by the Constitution so as not to have immediate operation.

We could rest the whole of appellant's contentions as to sections 68 and 281, supra, on that one basis, and pretermit all others. For essentially the question does not turn on whether the Jefferson county amendment is a limitation on sections 68 and 281, Constitution, but only on section 96, Constitution, because, if we concede that it is not, and that sections 68 and 281, supra, have full force, they do not here apply, because the act of 1933 does not increase or decrease the salary of the probate judge for the term here involved, after petitioner has been elected to fill it. We have treated, however, the effect of that amendment on those sections, in deference to appellant, who has earnestly and carefully argued it as here applicable.

■ Appellant also contends in that connection that the amendment does not apply to him because he is not a county officer as there mentioned. If appellant is not such a county officer and the amendment is not therefore effective, as to him, the act of 1933, also that of 1931, would be violative of section 96, Constitution. Crow v. Board of School Commissioners of Mobile County, 228 Ala. 107, 152 So. 26.

But for the reasons we will now discuss, we think the probate judge is a county officer and is within the terms of that amendment. In support of appellant's contention he cites the following sections of the Constitution: 139, 149, 150, 152, 158, 171, 174, and 175.

It is argued that in them it treats the probate judge as a part of the state's judicial system, in that he is subject to the same requirements as other state judicial officers, and that the jurisdiction which the Constitution confers on him is not a function of the county, but is such as the state as a whole assumes to confer upon some court or officer in discharge of the duty which the state as such owes to its citizens; like a circuit court which is not a county office, though the circuit be composed of a single county.

But when under the Constitution of 1868, art. 6, § 17, it was provided that a solicitor shall be elected in each county in this state, it was held that although they thereby were required to perform the duties of circuit solicitors in their respective counties, they were not state officers, saying, without undertaking to define a state officer, that "we are clear in the opinion that an officer elected by the vote of a single county confined in duty to the territorial limits of that county is not a State officer, subject to impeachment" as such. Ex parte Wiley, 54 Ala. 226. See 15 Corpus Juris, 107.

Holding that tax assessors, collectors, and equalizers are county officers, this court took occasion to observe that "many county officers are clothed with powers and duties to be exercised in behalf of the state, albeit their functions are restricted to the territorial limits of the county, for which they are elected or appointed." McLendon v. Empire Mining Co., 199 Ala. 482, 74 So. 937. See Oaks v. State, 16 Ala. App. 142, 75 So. 818. "The constitution and legislation create two classes of public offices and officers,—offices and officers of the state, and county offices and officers. They are agencies and component parts of the government, marked and distinguished by the nature and extent of authority conferred, and the sphere of performance of official duty." State ex rel. Winter v. Sayre, 118 Ala. 1, 31, 24 So. 89, 94.

It was said at the bar in argument that in some respects the powers of the probate judge are not limited to the county in which he serves. There may be somewhere in the statutes a provision upon which that statement was made. But, if so, it is statutory, and has no relation to the powers conferred by section 149, Constitution. It provides for the creation of a probate court in each county. No power beyond that territory is conferred by it. In so far as the jurisdiction so conferred applies, it is coextensive with the confines of the county. Hines v. Hines, 203 Ala. 633, 84 So. 712.

But that so conferred on circuit judges is coextensive with the state. State v. Merrill, 218 Ala. 149, 117 So. 473.

Statutes which confer powers on a probate judge do not change the nature of the office as described in the Constitution. It is clear that the Constitution contemplates that the probate judge shall be "elected by the vote of a single county confined in duty to the territorial limits of that county," in

so far as the jurisdiction described in section 149 is concerned. Hines v. Hines, 203 Ala. 633, 84 So. 712. It authorizes the Legislature "to establish in each county a court of probate, with general jurisdiction of orphans' business and with power to grant letters testamentary and of administration."

It is said that the Constitution does not create the court, but authorizes it to be done. Ikelheimer v. Chapman's Adm'rs, 32 Ala. 676, 681; Thompson v. Holt, 52 Ala. 491, 504. But it is classified as a constitutional court whose jurisdiction there conferred cannot be destroyed. State ex rel. Winter v. Sayre, supra, 118 Ala. 1, at page 26, 24 So. 89.

When the Constitution was first adopted, a court of probate by another name existed in each county. In all our Constitutions provision is made for such a court in each county to exercise powers expressed in substantially the same terms. State ex rel. Winter v. Sayre, supra, 118 Ala. 1, at page 26, 24 So. 89. As each Constitution is adopted, it must be construed in connection with existing laws. When it refers to a probate court, it refers to such as then existed with the powers conferred by the previous Constitution and existing laws. Thompson v. Holt, supra, 52 Ala. 491, at page 504.

The powers specified in section 149, Constitution, do not prevent additional jurisdiction from being conferred. Craft v. Simon, 118 Ala. 625, 24 So. 380. We are not concerned with the nature of the office created in other states. State v. Imel, 242 Mo. 293, 146 S.W. 783; People ex rel. Douvielle v. Board of Sup'rs of Manistee County, 40 Mich. 585.

We think that as a constitutional office, it is contemplated in Alabama that the jurisdiction there made mandatory is coextensive with the county and such as to make the judge a county officer. Members of this court seemed to be clear that such was the true situation when the advisory opinion which so stated was rendered. In re Opinions of the Justices, 225 Ala. 359, 143 So. 345. We think it is based upon a proper construction of our Constitution.

It follows that the act of 1933 does not violate sections 68 or 281, Constitution, as here applicable, and that it is controlling over that of 1931, assuming that section 106, Constitution, was complied with in the adoption of the latter act, or that it was general, as defined by section 110, questions not here presented. Such was the judgment of the circuit court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.