SHORES, Justice.
Plaintiff/appellant (Franklin) filed his complaint on December 3, 1977, seeking to *432 recover certain real property to which he claimed legal title by virtue of a deed.
The defendant (Rosa Mae Wilson) filed an answer with a general denial and alleged affirmatively that she had possessed the property since November, 1965, built a house on it, and held the property actually and openly “in opposition to all the world.”
Mrs. Wilson died during the pendency of this suit and her two minor children were substituted as defendants, who adopted the answer theretofore filed by their mother. Affidavits submitted in opposition to the plaintiff’s motion for summary judgment state affirmatively that Wilson had claimed the property as her own since she went into possession and built the house in 1965.
The controversy arose because the house was built upon the plaintiff’s lot instead of on Wilson’s adjacent lot.
At the conclusion of the evidence, the trial judge directed a verdict in favor of the plaintiff on the defendant’s claim of prescription. He also determined that the defendant could not, by virtue of paying taxes, prevail under the ten-year statute. He then instructed the jury, “I also give you a directed verdict telling you as a matter of law: From the evidence presented they have held it for three years adversely as the law requires,” and directed the jury to assess the value of the improvements made by Mrs. Wilson under Code 1975, § 6-6-286, which provides:
(a) When an action is commenced to recover land or the possession thereof, the defendant may, at any time before the trial, suggest upon the record that he, and those whose possession he has, have, for three years next before the commencement of the action, had adverse possession thereof, which must be construed to mean the same character of possession as will put in operation the statute of limitations. In such case, if the jury finds for the plaintiff, it must also ascertain by its verdict whether such suggestion is true or false. If the jury finds it to be false, it must return a verdict for the damages as in ordinary cases. If the jury finds it to be true, it must assess the value, at the time of trial, of the permanent improvements made by the defendant, or those whose estate he has, and also ascertain by its verdict the value of the lands and of the use and occupation thereof, not including the increased value by reason of such improvements.
(b) If the value of the use and occupation as assessed exceeds the value of the permanent improvements made, judgment must be entered against the defendant for the excess. If the value of the improvements exceeds the value of the use and occupation, no writ of possession shall issue for one year after the entry of the judgment unless the plaintiff or his legal representative pays the defendant, or deposits with the clerk for him, the excess of the assessed value of the improvements over the value of the use and occupation. If the plaintiff or his legal representative neglects for the term of one year to pay such excess, arid the defendant or his legal representative within three months after the expiration of the year pays to the plaintiff, or to the clerk for him, the value of the land and of the use and occupation thereof as assessed by the jury, the plaintiff is forever barred from his writ of possession and from commencing any action whatever against the defendant, his heirs or assigns to recover such land or the possession thereof. (Code 1852, §§ 2201-2204; Code 1867, §§ 2602-2605; Code 1876, §§ 2951-2954; Code 1886, §§ 2702-2705; Code 1896, §§ 1536-1539; Code 1907, §§ 3846-3849; Code 1923, §§ 7460-7463; Code 1940, T. 7, §§ 945-948.) [Emphasis supplied.]
The jury then returned a verdict which fixed the value of the house at $30,000.00, the value of the land at $250.00, and its rental value at $20.00 per year.
When the court denied his motion for new trial, plaintiff appealed.
He asserts that the defendant did not meet the requirements of § 6-6-286 in that she did not “suggest upon the record that [she] . . . [has] ... for three *433 years . . . had adverse possession thereof . . . The plaintiff simply argues that nothing appears from the record to show that the defendants ever suggested on the record before the trial that they were holding by adverse possession, and the jury must decide whether the suggestion is true or false. He argues that this means that the defendant must file the suggestion in the nature of a plea.
It is quite true that before a defendant may invoke § 6-6-286, he must “suggest upon the record” that he claims the land sued for by adverse possession, Headley v. McCall, 205 Ala. 108, 87 So. 355 (1920), Singleton v. Jackson, 177 Ala. 123, 59 So. 45 (1923), but no particular form is required. Here, the suggestion was made in the first pleading filed by the defendant. By answer she asserted that she had held the land adversely to the plaintiff and all the world since 1965. We think this is a suggestion “upon the record” sufficient to comply with the statute. Inasmuch as that is so, and the facts of adverse possession were undisputed, it was not error to direct a verdict in favor of the defendants on this issue.
The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.