I dissent from the majority's failure to reach the merits of the alleged conflict between the mandate of Article V, section 118, of the Alabama Constitution (1901, as amended 1969), and the salary adjustments occasioned by the application of the provisions of Code 1975, § 36-15-3. The usual rule as stated by the majority is "that declaratory judgment proceedings will not lie for an anticipated controversy." However, the conflict presented in this case comes within the exception to the general rule for cases that are "capable of repetition, yet evading review." Roe v. Wade, 410 U.S. 113, 126, 93 S.Ct. 705,713, 35 L.Ed.2d 147 (1973); Murphy v. Hunt, 455 U.S. 478, 482,102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Although the action was filed too late to have been finally determined before a new term of office commenced, there is a reasonable expectation that the same controversy could recur, involving the same basic constitutional issue. See Murphy,455 U.S. at 482, 102 S.Ct. at 1183. "Furthermore, controversies regarding the legality of the acts of public officials, or public agencies, challenged by parties whose interests are adversely affected, is one of the favored fields for declaratory judgment." White v. Thomas, 370 So.2d 983, 985 (Ala. 1979) (Maddox, J., dissenting); Morgan v. Board of SchoolCommissioners of Mobile County, 248 Ala. 22, 26 So.2d 108
(1946). As to the merits of this constitutional issue, it is my view that the trial court was correct — that § 118 of the Alabama Constitution is controlling and that any salary increases or decreases during the term of office of the listed officials would violate the constitutional prohibition contained in that section.
Article V, section 118, provides in part:
 "The governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, and commissioner of agriculture and industries, shall receive compensation to be fixed by law, which shall not be increased or diminished during the term for which they shall have been elected, and shall, except the lieutenant governor, reside at the state capital during the time they continue in office, except during epidemics."
Constitutional provisions, such as this one, prohibiting a change in compensation have been held to be inexorable, and they may not be dispensed with, circumvented, or ignored. 67 C.J.S. Officers § 230 (a), p. 733 (1978). However, these constitutional limitations "do not in any way prevent the Legislature, in any proper manner it sees fit and at any time, from passing a law or laws either increasing or diminishing the pay, salaries, or compensation of any officer or employee of the state." State Docks Commission v. State ex rel. Jones,227 Ala. 521, 528, 150 So. 537, 542 (1933). These limitations would not impair the validity of such an act, but would only affect the date at which the various provisions of the law would go into effect. State Docks Commission, 227 Ala. at 528,150 So. at 543; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720
(1936); see Hamilton v. Autauga County, 289 Ala. 419,268 So.2d 30 (1972).
The increases sought to be recovered in the present action were paid to the attorney general pursuant to an interpretation of Code 1975, § 36-15-3. Section 36-15-3 provides:
 "The salary of the attorney general of Alabama shall be an amount equal to the salary of an associate justice of the supreme court of Alabama. The salary provided for herein shall be payable in installments as the salaries of other state officers are paid and shall be the full compensation to which the attorney general is entitled from the state for the performance of his official duties." *Page 338 
The constitutional prohibition of § 118 must be read into §36-15-3. State Docks Commission v. State ex rel. Jones,227 Ala. at 529, 150 So. at 543. The act is not void by reason of this constitutional prohibition, but its effect is held in abeyance insofar as it would otherwise increase or diminish the compensation of the attorney general during a given term. SeeHawkins v. Jefferson County, 233 Ala. at 52, 169 So. at 722; 69 C.J.S. Officers § 230 (c), pp. 737-38 (1978).
While the salary increase paid to the attorney general during this term of office resulted in an unconstitutional application of the provisions of § 36-15-3, nonetheless, it is equally clear, as a matter of law, that the provisions of Code 1975, §36-5-24, preclude any recovery of state funds already disbursed by the appropriate state officials. Payments of salaries are made by the issuance of a state warrant by the state comptroller, and the warrant is paid by the state treasurer.
Code 1975, § 36-5-24, provides:
 "When any state or county official shall have collected or paid out any money as fees, salary or compensation for official services rendered under any law of Alabama, general or special, which law, subsequent to such collection or paying out, shall be declared by the supreme court of Alabama to be unconstitutional or void or illegal, such officer shall not be liable either individually or on his official bond in any civil action brought for the recovery of such money so collected or paid out, nor shall the person to whom the same shall have been paid be liable therefor."
The Legislature, by enacting § 36-5-24 (previously Code 1940, tit. 41, § 58; Code 1923, § 2619), provided protection to state officials from liability for certain conduct authorized or required by an act subsequently declared unconstitutional.Powers v. United States Fidelity Guaranty Co., 236 Ala. 389,392-93, 182 So. 758, 760 (1938). The language of this statute expressly extends protection to an officer paying out public funds pursuant to a statute, as well as to the person receiving them. Cooper v. Hawkins, 234 Ala. 636, 639, 176 So. 329, 331
(1937).
The purpose of this statute is worthy of comment. There are several constitutional provisions which govern the procedure of the Legislature in passing laws. See Ala. Const. art. IV, §§ 45, 61, 62, 63, and 66. Statutes enacted by the Legislature which do not comport with these constitutional provisions have been declared unconstitutional, null and void, and of no force and effect. However, until challenged and declared unconstitutional by a court of competent jurisdiction, statutes enacted by our Legislature have the force and effect of law. As such, public officials are required to comply with their provisions; they are binding on our citizens. The purpose of § 36-5-24 is clearly to encourage compliance with statutes unless and until they are declared invalid. Otherwise, public officials who are charged with the payment of public funds under a statute such as the one in question here would be exposed to liability for complying with the provisions of a law which is subsequently invalidated. This situation seems to be exactly the kind of problem contemplated by the Legislature in 1921 when it adopted the statute barring recovery of payments. Code 1975, § 36-5-24. The attorney general is entitled to the benefit of that statute just as any other state employee or officer is.
While I agree that the payments to the attorney general became proper once he entered his second term, I do not agree that that fact mooted the request for declaratory relief. I would reach and decide the constitutional issue. *Page 339