145 So. 148

**HARTWELL et al. v. PILLANS.**

1 Div. 730.

Supreme Court of Alabama.

Dec. 22, 1932.

Lyons, Chamberlain & Courtney, Harry Seale, and Inge, Stallworth & Inge, all of Mobile, for appellants.

Pillans, Cowley & Gresham and H. Pillans, all of Mobile, for appellee.

686

## ANDERSON, C. J.

The main question in this appeal is whether or not the appellants in the fixation and collection of their salaries as commissioners of Mobile had the right to increase the same in the absence of an official census, that is, federal, state, or municipal, showing such an increase in the population of the city of Mobile as would entitle them to an increase of $1,000 over what it was under the federal census of 1920.

In determining the status of the city of Mobile under its existing form of government, we must consider several acts of the Legislature of 1911, dealing with the commission form of municipal government. The act on page 289 deals with cities of 25,000 to 50,000 inhabitants as per the federal census; and the one on page 204 deals with cities of 100,000 or over, according to the federal census. The act on page 330 deals with all cities which are not now or which hereafter may not be within the influence or operation of any other valid legislative enactment adopting such form of government, and it was under this act that the city of Mobile fell. It must be observed that throughout the whole system and arrangement of the commission form of government for the municipalities is based upon and to be determined by population as fixed by the existing or any subsequent federal census. Nothing short of a federal census was to be looked to when the act on page 330 was adopted. True, upon the passage of a subsequent act, page 591, approved April 21, 1911,

dealing with cities with a population of from 1,000 to 25,000 the population could be based upon a federal or municipal census; but said act has no bearing upon the class of which the city of Mobile belongs.

Section 16 of the Act of 1911, pp. 330, 347, provides: "That each commissioner of every city organized under the terms of this act shall receive a salary payable by the city in equal monthly installments for whatever time the commissioner serves, as follows: In cities of seventy-five hundred or less population the salary of such commissioner shall be such sum not exceeding $900.00 per year as may be fixed by ordinance duly adopted by the board of commissioners; in cities of more than 7,500 and not exceeding 15,000 population the salary of each commissioner shall be at the rate of $1,500 per year; in cities of more than 15,000 and not exceeding fifty thousand population the salary of each commissioner shall be at the rate of one hundred dollars for each thousand of population of the city according to the last federal census; and in cities of over fifty thousand population the salary of each commissioner shall be at the rate per annum of $1,000.00 for each 10,000 of population or major fraction thereof, but in no event shall the salary exceed the rate of $7,500.00 per annum for each commissioner."

It will be noted that the section provides for four classes. The first two are not upon a comparative basis, but have a fixed sum, except as to the first, where a maximum of $900 is fixed.

The third and fourth classes are based upon a population basis and the salary will go up or down as the population may rise or fall, and, in no event, can exceed $7,500 per annum.

It is urged that as no mention is made of the federal census, except in dealing with class 3, the others should be excluded, and that the law is therefore silent as to the others as to how the number of inhabitants must be ascertained. As above noted, classes 1 and 2 do not fall under a scalage basis, and in determining the class to which they belonged at the time of the passage of the act on page 330, which we will call the "Mobile Act," they were governed by the federal census. Coming to classes 3 and 4, we think that they are so related that they are dealt with in the conjunctive, and that the expression used in the third class or paragraph, "according to the last federal census," applies also to the class immediately following; that is, class 4. We think that, taking into consideration the fact that the whole system of classification of the cities and towns in reference to the commission form of government, up to the enactment of the law in hand, was based on population, as fixed by the federal census, and the arrangement of classes 3 and 4 and their similarity, the legislative intent that the federal census should apply to 4, as well as 3, is so mani-

fest as to not be upset by indulging in nice or technical grammatical consideration. What could be the reason or sense in fixing a federal census as a test in ascertaining the amount of salary of those under class 3 and omitting or excluding those under class 4? Did the Legislature intend to hold the smaller ones to a federal census and turn the larger ones loose to raise their salaries upon mere proof at some future day, regardless of an official census (in this case a federal one), that at the time the salaries were raised Mobile had the requisite population? We think not.

Appellants attach much importance to our case of Ryan v. City of Tuscaloosa, 155 Ala. 479, 46 So. 638. This case merely held that a city, under section 225 of the Constitution, could get from under the influence of same without showing an increase in population according to the federal census. Here we are not dealing with what the Legislature could or could not do, but what they did. We do not hold that they could not have fixed some method other than the federal census for enumerating the inhabitants. We think, however, that the enumeration should be under official authority and not left to the mere opinion of witnesses, and we do not understand the Ryan Case, supra, as holding that there did not have to be an official or legal enumeration. From aught appearing, an authentic enumeration was had. Moreover, there was an admission that the city had over 6,000 inhabitants, and the point made was that this fact was not shown by the federal census, non constat, a census had been taken under municipal direction and authority.

The trial court did not err in overruling the appellants' demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.