157 So. 236

### BRANDON v. CHAMBERS.
### 6 Div. 699.

Court of Appeals of Alabama.
Oct. 19, 1934.

Ernest Matthews, of Birmingham, for appellant.

Mullins & Deramus, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The submission here of this case was had upon an agreement in writing by the respective parties.

The cause was tried in the court below on an agreed statement of facts and determined without the intervention of a jury; judgment being rendered in favor of appellee for the amount sued for.

The facts, as stated and upon which the case was tried and determined in the court below, are as follows:

"In this cause it is hereby agreed by and between the parties, through their respective attorneys, that this case be tried before the Court on the following agreed statement of facts in lieu of testimony and that the Court may render judgment thereon in all respects as if the facts stated has been proven by competent evidence.

"It is agreed that the defendant was Deputy Circuit Clerk of the Criminal Division of the Circuit Court for Jefferson County during the entire year 1932, duly elected, qualified and acting as such official.

"It is further agreed that during the year 1932 the plaintiff was arrested, tried and convicted in the Circuit Court for Jefferson County, acting without the intervention of a jury, and sentenced to pay a fine of Fifty Dollars and costs on a charge of driving an automobile while intoxicated. That he demanded from said Brandon, as Clerk of the Court, a statement of the amount of said fine and costs and was furnished by said Brandon with a statement thereof showing an amount of $83.-40 due. That plaintiff paid said fine and costs on the 11th day of February, 1932, to the defendant and received an official receipt thereof.

"It is further agreed that included in the items of Court costs charged to and paid by plaintiff to the defendant was an item of 'County Tax' in the sum of $4.00. That said item of 'County Trial Tax' was the item of Court costs provided for by an Act of the Legislature approved September 26th, 1923, entitled 'An Act to Regulate, Etc.' (Gen. Acts 1923, p. 597). That the sole authority of said Brandon to collect said item of $4.00 from this plaintiff was said Act of the Legislature and that said Brandon in taxing said item of Court costs and requiring the plaintiff to pay the same was acting under and by virtue of said statute alone.

"It is further agreed that the plaintiff has made demand on said Brandon to return to him said item of $4.00 which the defendant has declined and refused to do.

"It is further agreed that the payment of said item of $4.00 was not a voluntary payment thereof, but was paid to prevent the plaintiff from being sentenced to jail for failing to pay the same."

One point of decision only is involved and the determination of that question will be conclusive of this appeal. This question involves the validity, that is to say, the constitutionality of the act of the Legislature approved September 26, 1923 (Gen. Acts 1923, p. 597).

This court being unanimous in the opinion that the foregoing act is unconstitutional, the following "Certification to the Supreme Court" was made:

"To the Supreme Court of Alabama:

" "The case of Forney W. Brandon v. C. A. Chambers (6 Div. 699) appeal from Jefferson Circuit Court, now pending in this court, involves the constitutionality of an act of Alabama, approved September 26, 1923 (Gen. Acts 1923, p. 597).

"This court is of the opinion that the act in question is unconstitutional. We, therefore, under the provisions of section 7322, Code 1923, certify this sole question to the Supreme Court of Alabama, for decision and determination.

"Respectfully submitted,

"C. R. Bricken, Presiding Judge.

"Wm. H. Samford, Judge.

"James Rice, Judge.

"This October 2, 1934."

On this the 18th day of October, 1934, the Supreme Court has transmitted to this court its reply which is in accord with the conclusion reached by this court on the point involved.

The act of the Legislature, supra, is void. The following response of the Supreme Court to this effect is conclusive of the question:

"The Court of Appeals certifies to this court the question whether or not the Act of September 26, 1923, is a constitutional enactment? Gen. Acts 1923, p. 597; section 7322, Code 1923.

"The act in question and that condemned in Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41 (Gen. Acts 1923, p. 560), were enacted as a part of one system of fees and costs in Jefferson county circuit court in civil, equity, and criminal cases.

"The act for consideration provides in sections 1 and 2 for tax fees upon conviction of the defendant, the sum of $6 where trial is 'by jury,' and $4 where trial is 'without a jury.'

"The classification employed in the title and the act is to the effect, 'That in all counties in this State having a population of 200,-000 according to the last or any subsequent federal census there shall be taxed in all criminal cases in the Circuit Courts of said counties' (section 1), the respective fees we have above indicated.

"The Senate Journal shows the introduction and passage of the act as a general law and without attempt at publication as required by the Constitution for the enactment of a local law.

"In the Harry Case, supra, there was for consideration the Library Tax Act for Jefferson county (Gen. Acts 1919, p. 825, as amended by Gen. Acts 1923, p. 560), levying library tax as costs in civil and equity cases in counties having a population of 200,000 or more; this court condemned the act as a lo-

cal law (though general in form) passed in violation of section 106 of the Constitution.

"And in Jefferson County v. Busby, 226 Ala. 294, 148 So. 411, the observation is made of a general law that it be enacted in good faith as such, reasonably related to its purpose, and so framed that all parts of the state may come within its scope and operation as a general law which took effect according to its terms and immediately upon its passage. Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

"In Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259, this court condemned the act involved (Gen. Acts 1931, p. 247) because, as to its major features, 'future legislation was necessary for its operation.' Ward v. State ex rel. Lea, supra; Daly v. Johnson, 225 Ala. 6, 141 So. 909.

"In State ex rel. Ward v. Henry, 224 Ala. 224, 228, 139 So. 278, 281, the following observation is made:

" 'Granting the soundness of the premises, granting that the act can stand in Jefferson county only by virtue of the Jefferson County Amendment to the Constitution (Const. Amend. 1912 [see Acts 1911, p. 47]), and that counties not having a like amendment, although coming within the classification as to population, can never be brought within the act, it would be a local law, notwithstanding its form, and subject to the provisions of section 106. Birmingham Electric Co. v. Harry, 215 Ala. 459, 111 So. 41.' Carnley, Judge v. Moore, 218 Ala. 274, 118 So. 409; Henry, County Treasurer, v. State ex rel. Hartsfield, 218 Ala. 71, 117 So. 626.

"The act before us is not to be distinguished from the companion act considered in the Harry Case, and, notwithstanding its form, was a local law. The journals of the Legislature fail to show notice and proof of publication as a local law. Of the situation, Mr. Justice Sayre made the following observation:

" '* * * The law in question is a local law, unless the classification which it attempts saves it from that class, suffices to make of it a general law. Its claim to generality rests entirely upon that classification. But the operation of the amendment, supra, is limited to one county; the operation of the act in question is now and always will be limited to one county; no other county can come within the act, for invariable uniformity throughout the state—outside of Jefferson, now that the Constitution has been amended (Jackson v. Sherrod, 207 Ala. 247, 92 So. 481) —is insured by section 96. It follows, necessarily, that there can be no classification of counties with reference to population so far as concerns the subject-matter of the amendment of the Constitution. Jefferson, for the benefit of which the amendment was adopted, is sui generis; no other county, in respect of the subject-matter of the amendment, can ever be classed with it under the Constitution as it now is. So, then, the effort at classification means nothing. The act in question is a local law, notwithstanding the form in which it is cast, and falls under the condemnation of section 106 of the Constitution.' Birmingham Electric Co. v. Harry, 215 Ala. 458, 459, 111 So. 41, 42.

"On the authority of the Harry Case we hold that the instant act is a local act, though passed under the form and guise of a general law without compliance with section 106 of the Constitution, and that future amendments to the Constitution in the other counties are not reasonably to be expected and are necessary to avoid section 96 of the Constitution (Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416; Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259; Jefferson County v. Busby, 226 Ala. 294, 148 So. 411); and for these reasons the act is void.

"Let this response be certified to the Court of Appeals.

"All the Justices concur."

Further discussion is unnecessary. The act in question being void and of no legal effect, the item of $4 taxed against appellee by appellant as "county trial tax" was improperly taxed and without authority of a valid law. The lower court so held and the judgment rendered is affirmed.

Affirmed.