173 So. 238

**BRANDON v. STATE.**

6 Div. 757.

Supreme Court of Alabama.

March 14, 1936.

2

BRICKEN, Presiding Judge.

A material inquiry in this case is whether there was any such office in Jefferson county as deputy circuit clerk of the criminal division of the Tenth judicial circuit of Alabama at the time it is alleged appellant converted the funds set out in the indictment.

The supposed office purports to have been created by an act approved February 3, 1923, Gen.Acts 1923, p. 15, the title of which reads as follows: "To create the office of Deputy Circuit Clerk of the Criminal Division of the Circuit Court in all counties of the State having a population of more than two hundred thousand, according to the last, or any subsequent Federal census; to provide for the appointment of such officer and the election of his successor; to prescribe the duties, authorities and to fix the compensation of such Deputy Circuit Clerk."

The criminal division of the Tenth judicial circuit was created by section 3A of an act approved September 25, 1915, Gen. Acts 1915, p. 809, which now appears as sections 6686 and 6687 of the Code of 1923. These two sections read as follows:

"6686. *How judges designated in circuits of one county having more than three judges.*—In circuits composed of only one county for which more than three judges are provided, the judges shall be numbered first, second, third, fourth and so forth, consecutively, so that each judgeship shall be *designated by a number,* and the judges shall be so designated on the ballot used in the primary and general election; and where a branch or division of the circuit court of such circuit is held at a place other than at the county site, the

judge who shall preside over that division as of course, shall, in addition to his number, be designated by the appropriate name of that division.

"6687. Divisions of court in such circuit.—The court of such circuits shall have three separate divisions: an equity division, a criminal division, and a law division; and the judge numbered one shall sit in the equity division as of course, the judges numbered two and three shall sit in the criminal division as of course, and the remainder of the judges shall sit in the law division as of course; but in such circuits where a branch or division of the circuit court is held at a place other than at the county site, the judge numbered fifth shall sit in that division as of course, and he shall preside over such division in the trial of all cases, whether equity, criminal, or law."

When we consider the act approved February 3, 1923, along with the sections of the Code quoted, we find that whenever any county in the state other than Jefferson, reaches the requisite population, the act approved February 3, 1923, would not apply to such county unless the county is also a circuit for which more than three judges are provided, as the statute directs, because only in the latter event is a criminal division of the circuit court in counties having 200,000 or more population provided for.

At the time the act approved February 3, 1923, was approved, Jefferson was the only county in the state having more than 200,000 population. The other 66 counties in the state may meet the population requirement by the time the next census is taken, but reaching the population requirement does not create a criminal division of the circuit court in such counties. A criminal division of the circuit court is only created by the statute in a circuit composed of only one county for which more than three judges are provided. This, without more, we think is sufficient to show that the act approved February 3, 1923, purporting to create the office of deputy circuit clerk of the criminal division of the circuit court in all counties of the state having a population of more than 200,000 according to the last or any subsequent federal census, is in truth and in fact a local law, and not having been advertised as is required by the Constitution, it is null and void.

In the case of Henry v. Wilson, 224 Ala. 261, 139 So. 259, 261, our Supreme Court said: "While there is an attempt to give the act a cloak of generality, a reading of same discloses that it is intended to deal only with conditions in Jefferson county, though it might apply to Montgomery county in the remote future, but cannot apply to the other counties, in its major parts, unless lawmakers, in the future, change or revolutionize the method of compensating clerks, deputies, or assistants of the respective officials. State v. Gullatt, 210 Ala. 452, 98 So. 373; In re Opinion of the Justices, 216 Ala. 469, 113 So. 584; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Kearley v. State ex rel. Hamilton [223 Ala. 548] 137 So. 424."

The authorities convince us that the act under discussion is a nullity.

### Response to Certified Question.

In Re Act No. 21, Originating in House Bill No. 70, by Fite, Approved February 3rd, 1923, Gen.Acts 1923, pp. 15, 16.

BROWN, Justice.

The constitutional integrity of the above act, entitled "An Act To create the office of Deputy Circuit Clerk of the *Criminal Division* of the Circuit Court in all counties of the State having a population of more than two hundred thousand, according to the last, or any subsequent Federal census; to provide for the appointment of such officer and the election of his successor; to prescribe the duties, authorities and to fix the compensation of such Deputy Circuit Clerk," is certified here by the judges of the Court of Appeals, as an abstract proposition, accompanied with an opinion by the presiding judge of said court, in which it is stated that said act was passed without publication and proof, required by section 106 of the Constitution. (Italics supplied.)

We are of the opinion that the Court of Appeals, and for the reasons stated in said opinion, has reached the correct conclusion—that said act is a local law and was passed in violation of section 106 of the Constitution, and under the mandate of section 110 of the Constitution must be declared void. See, in addition to the authorities cited by the Court of Appeals, Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; Brandon v. Chambers, 229 Ala. 327, 157 So. 235.

That the circuit court, criminal division, of Jefferson county may not be embarrassed in the transaction of its business,

we deem it proper to observe, that section 6723, subsec. 2, of the Code, creates the office of deputy clerk of the circuit court, to be appointed by the clerk, requires such deputies to take the official oath, "with full power to transact all business of such clerks." The power to appoint is not limited to one, but as many may be appointed as are necessary. Code 1923, § 6723.

Section 421 of the Code, 1923, also provides as follows: *"Deputy circuit clerks in counties having more than three circuit judges.*—In all counties having more than three circuit judges there shall be elected at each election when clerks of the circuit court are elected, a deputy circuit clerk, who shall hold office during the term of the circuit clerk of such county, and until his successor is elected and qualified." This seems to be a codification of the Act of 1915 (Gen.Acts 1915, p. 741, §§ 1–3) applicable to the Bessemer Division.

 Section 106 of the Constitution has no application to the adoption of the Code, and, therefore, though the act of 1915 was passed in violation of section 106, its codification and adoption as part of the Code of 1923 made it valid.

Let the foregoing be certified to the Court of Appeals.

All the Justices concur.