198 So. 272

**BAUMHAUER et al. v. STATE ex rel. SMITH.**

I Div. 360.

Supreme Court of Alabama.

June 4, 1940.

M. F. Dozier and Winston F. Groom, both of Mobile, for appellee.

Harry Seale, of Mobile, for appellants.

To the Honorable Supreme Court of Alabama:

Gentlemen:

There is pending in our Court a case wherein is involved the constitutionality vel non of the Act of the Legislature of Alabama, approved March 4, 1937, found at page 244 of the General Acts of Alabama, Extra Session of 1936–1937.

The Act is claimed to be unconstitutional because it is contended that it "can not presently have application to any city in the State of Alabama other than the City of Mobile and can not in the future have application to any City in the State of Alabama other than the City of Mobile without the enactment of future legislation; and (that) such Act is void because it is a local law passed under the guise of a general law without the publication of notice of intention to procure its passage."

The judges of this Court being unable to reach an unanimous decision on the question indicated above, I am, under and in pursuance of the terms of Code 1923,. Sec. 7311, certifying to you the question:

"Is or not the Act, above, approved March 4, 1937 (Gen.Acts Ala.Extra Session 1936–1937) a valid legislative enactment?"

Respectfully

James Rice,
Associate Judge.

For your possible convenience I am attaching hereto a copy of the briefs of the respective parties filed in the cause wherein the above question is raised.

Respectfully

James Rice,
Associate Judge.

The State of Alabama—Judicial Department

The Supreme Court of Alabama

October Term, 1939–40

To the Honorable Court of Appeals of Alabama,

Montgomery, Alabama.

Gentlemen:

Under Section 7311 of the Code of Alabama, the following question has been certified to the Supreme Court of Alabama:

"There is pending in our Court a case wherein is involved the constitutionality vel non of the Act of the Legislature of Alabama, approved March 4, 1937, found at page 244 of the General Acts of Alabama, Extra Session of 1936–1937.

"The Act is claimed to be unconstitutional because it is contended that it 'can not presently have application to any city in the State of Alabama other than the City of Mobile and can not in the future have application to any City in the State of Alabama other than the City of Mobile without the enactment of future legislation; and (that) such Act is void because it is a local law passed under the guise of a general law without the publication of notice of intention to procure its passage.'

\* \* \*    \* \* \*    \* \* \*

"Is or not the Act, above, approved March 4, 1937 (Gen.Acts Ala.Extra Session 1936–1937) a valid legislative enactment?"

The assignment of error in the case wherein the above question recurs challenges the action of the court in overruling demurrer to relators' petition. The demurrer takes the point that the Act of

March 4, 1937 (General Acts Alabama, Special Session 1936–1937, p. 244), is invalid as being a local law passed under the guise of a general law without publication of notice of intention as required by the Constitution of Alabama. Mobile County et al. v. State of Alabama ex rel. Cammack, Ala.Sup., 197 So. 6.

The title of the "commission form of government" act of 1911 (General Acts of Alabama, 1911, p. 330) reads, in part, as follows: "To provide and create a commission form of government and to authorize the adoption of the same in all cities and towns in the State of Alabama which now are not, or hereafter may not be, within the influence or operation of any other valid legislative enactment authorizing or adopting such form of government \* \* \*."

The title of the act in question (General Acts Alabama, Special Session, 1936–1937, p. 244) reads as follows: "To provide for an increase in the salaries of firemen and policemen in incorporated cities of the State of Alabama now or hereafter subject to or governed by a commission created or elected under and by authority of the General Act of Alabama of 1911, page 330 by setting aside or appropriating for such purpose one-half of the monies derived by each such city under the terms of the Alcoholic Beverage Control Act of this State, and to fix the method by which the salaries of said firemen and policemen may be increased."

■ From the briefs of counsel, our understanding is that the act providing for the commission form of government, approved April 8, 1911, applies to all the municipalities in the state where there is no other applicable law providing for a commission form of government. So, at the time of that enactment, it cannot be said that said act was with reference to any particular locality or selected any municipality for its application. If in time since then other acts have been passed providing for the commission form of government applicable upon a population basis and by which the effect of the Act of 1911 as originally extended was curtailed, such circumstances do not have the effect of depreciating the status of the Act of 1911. And if there was any difficulty in that connection on a constitutional basis, it applied to the act subsequent to 1911 by which its area was diminished. The constitutional status of the Act of 1911 must be determined at the time of its enactment and sub-

sequent specific amendments thereof. If when enacted the act was without constitutional objection, it cannot be made so by other acts passed at a later time.

The act in question (General Acts 1936–37, Sp.Sess., p. 244) extends in scope, as to compensation of firemen and policemen, to incorporated "cities of the State of Alabama now or hereafter subject to or governed by a commission created or elected under and by authority of the General Act of Alabama of 1911, page 330," and does not affect its character or legislative competence. The act of March 4, 1937, does not attempt to classify cities as to population, but is a general act applicable to all cities that may elect to adopt the commission form of government under the Act of 1911.

■ It is unnecessary to cite the several decisions touching the question other than to advert to State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679, 683, to the effect that the fact that at the time of the passage there may be in the state localities not subject to the present operation of an act, or special laws were already in existence which must be repealed before the general law becomes operative therein, does not render the act "any the less a general law."

We also call attention to Board of Revenue of Jefferson County et al. v. Huey et al., 195 Ala. 83, 70 So. 744; Ward v. State, 224 Ala. 242, 139 So. 416; Henry v. Wilson, 224 Ala. 261, 139 So. 259, as to a due classification. The act was a general law and not within the requirement of the Constitution as to notice of enactment.—Constitution, § 106.

■ The act was not offensive to Section 96 of the Constitution. This section was only applicable to such county officials or officers as are common to all the counties of the state. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278.

■ Section 68 of the Constitution protects incumbents in office and is held not to apply to officials or officers accepting office subsequent to legislation affecting the same. State ex rel. Thomas v. Gunter, 170 Ala. 165, 54 So. 283; Board of School Com'rs of Mobile County v. American Surety Co. of New York, 220 Ala. 458, 125 So. 906; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720.

It results that the act in question is a valid legislative enactment and is free of constitutional objections. Such is our answer to the question certified by the Court of Appeals under Section 7311 of the Code.

All the Justices concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

Under the provisions of Article 46, of Chapter 43, § 2335 et seq., of the Code of 1923, as amended by Act approved March 2, 1931, Acts 1931, p. 151, towns and cities having a population of from 1000 to 40,000 according to the 1930 federal census could organize under commission form of government. By Act approved March 31, 1911, Acts 1911, pp. 204–222, cities having a population of 100,000 and upward, were so authorized to organize. By Act of April 6, 1911, like privileges, powers and rights were conferred on cities having a population of from 25,000 to 50,000. Acts 1911, pp. 289–315. By Act approved April 21, 1911, like rights and privileges were conferred on cities and towns having a population of from 1,000 to 25,000. Acts 1911, p. 591.

By Act approved March 4, 1931, Acts 1931, pp. 99-125, like privileges, rights and powers were conferred on cities having a population of from 40,000 to 67,000 population.

These laws as a matter of common knowledge, cover every town and city in the state with the single exception of Mobile, which according to the federal census of 1930, had a population of 68,202. Alabama Official and Statistical Register, pp. 455, 461.

Said Act 204, Gen.Acts 1936–37, Sp.Sess., p. 244, which undertakes to pyramid a classification on a classification limiting the provisions of said Act to "every incorporated city of this State governed by a commission created or elected under and by authority of the General Acts of Alabama of 1911, page 330," is not a legitimate classification but a designation, rendering said Act local, and violative of §§ 106 and 110 of the Constitution of 1901. State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So. 373; Hartwell et al. v. Pillans, 225 Ala. 685, 145 So. 148. [Italics supplied.]