40 So.2d 325

**HUGHES, Mayor, v. STATE ex rel. BREWER et al.**

**8 Div. 494.**

Supreme Court of Alabama.
April 28, 1949.

Lanier, Price, Shaver & Lanier, **of** Huntsville, for appellees.

Griffin, Ford, Caldwell & Ford and C. **L.** Watts, all of Huntsville, for appellant.

204

BROWN, Justice.

This appeal is by the respondent Hughes as Mayor of the Town of Madison, Alabama, from a judgment of the circuit court awarding peremptory writ of mandamus, commanding him to call an election to determine whether the town will adopt the commission form of government or remain under the aldermanic form.

There are but two insistences made by the appellant. The first is that he was not proceeded against by the petition for mandamus as the Mayor of the Town of Madison, but as an individual, and that the reference in the petition to "Mayor of the Town of Madison" was merely descriptio personae. The other insistence is that the Town of Madison, which has a population of less than a thousand inhabitants, does not fall within the influence of Chapter 4, Title 37, Code of 1940, or within any other class authorized to adopt the commission form of government.

■■ The answer to the first insistence is that the question was not raised on the trial of the case. Moreover the pleadings aided by judicial knowledge show that the petition was filed against respondent as Mayor of the Town of Madison. State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211. The record as a whole clearly shows that the proceedings were against Hughes as Mayor of the Town of Madison.

■ In the light of the provisions of § 1 of the original act establishing commission form of government for cities and towns in Alabama approved April 8, 1911, Acts 1911, p. 330, and subsequent legislative history on that subject and the further fact that it was omitted from the Code of 1923 and subsequently brought forward in the Code of 1940 and adopted therein in Article II, Chapter 4, Title 37, of the last mentioned code, the legislative intent is clear that said article was intended to "apply to all cities and towns in the State of Alabama which now are not, or hereafter may not be, within the influence or operation of any other valid legislative enactment authorizing or adopting the commission form of government, * * *", as provided in § 1 of said original act. Under the present law the field of operation for said article is as to municipalities having a population of less than a thousand inhabitants. This seems to have been the interpretation of said act in Baumhauer et al. v. State ex rel. Smith, 240 Ala. 10, 198 So. 272; Hartwell v. Pillans, 225 Ala. 685, 145 So. 148. This intent is made manifest by the provisions of § 89 and § 90 of Article 2, Title 37, which read as follows:

"§ 89. This article shall only apply to cities and towns which have heretofore adopted the same, or which may hereafter elect to operate under the provisions herein contained. (1911, p. 330.)

"§ 90. Any city may adopt and become organized under the commission form of government provided in this article by proceeding as hereinafter provided. (Ib.)."

This seems to have been the interpretation of said sections by the circuit court in granting the peremptory writ of mandamus.

■ Moreover, the respondent failed to file a return or answer to the rule nisi issued by the circuit court upon the filing of the petition therefor. The answer was addressed to the petition, which, in legal effect, had spent its force when the rule nisi was granted, requiring that answer or return be made to the rule nisi and not to the petition. Gainer v. Board of Education of Jefferson County et al., 250 Ala. 256, 33 So. 2d 880.

We find no error in the record.

Affirmed.

FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.