53 So.2d 367

## OPINION OF THE JUSTICES.
### No. 122.

Supreme Court of Alabama.
June 22, 1951.

## House Resolution #29.

Be it resolved by the House of Representatives, That the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen respecting the validity of H. B. 153, a bill now pending in the Legislature of Alabama which was not advertised in accordance with Section 106 of the Constitution:

1. Does H. B. 153, a true copy of which is attached hereto and incorporated herein by reference, propose a local law notice of which Section 106 of the Constitution requires to be advertised?

2. Does H. B. 153 propose a local law contrary to the provisions of Section 105 of the Constitution?

3. Does Section 2 of H. B. 153 constitute "legislation by reference," which is prohibited by Section 45 of the Constitution?

4. Is the subject of the proposed law single and clearly expressed in the title of the bill as required by Section 45 of the Constitution?

5. Are the provisions of the bill definite, unambiguous, and certain to the extent that the law proposed would not be invalid if it were enacted in its present form?

The title and first section of House Bill 153 are as follows:

### A Bill to be Entitled an Act

To provide for the combination of the office of License Inspector or Department of Revenue, or any like office or department, and the office of Commissioner of Licenses, or any like office or department, in any county having a population of 400,000 or more according to the last or any succeeding Federal Census, whenever the offices of License Inspector or Department of Revenue or Commissioner of Licenses in any such county shall become vacant, and to provide for the designation and appointment of the Director of Revenue to be head of such combined Department under the provisions of any applicable Civil Service or Merit System Law, and to provide for the salary of such Director, and to provide for the employees of such Department of Revenue.

Be It Enacted By The Legislature of Alabama:

Section 1. Whenever the office of License Inspector or Department of Revenue or any like office or department, or the office of Commissioner of Licenses or any like office or department, in any county having a population of 400,000 or more, according to the last or any succeeding Federal census, shall become vacant so that the present incumbent of any of such offices shall no longer hold such office, then and thereupon and at such time the office of License Inspector or the Department of Revenue or any like office or department which may exist in any such county, whether created by general or local act or code

658

provision, and the office of Commissioner of Licenses or any like office or department in any such county, whether created by general or local act or provided for in the Alabama Code of 1940, shall be combined into one office to be thereafter known and designated as the Department of Revenue of such county.

To the Members of the Alabama House of Representatives, Montgomery, Alabama.

Sirs:

Your inquiry as to House Bill 153 is affected by the nature of the county offices proposed to be combined, and the status of existing legislation on the subject.

If it relates to public offices contemplated by section 96 of the Constitution, it would be a local act and subject to the notice required by section 106 of the Constitution.

█ Jefferson County and some of the other counties are not subject to the strictures of section 96, supra, by reason of amendments of it applicable to those counties. But there are other counties in the State still controlled by section 96. A statute may therefore be valid as to Jefferson County and some others but invalid as to those counties which are still under the influence of section 96. A statute is local which creates a classification of counties by population, if it cannot ever apply to some counties until there is an amendment of section 96 applicable to them, Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Morgan County v. Edmondson, 238 Ala. 522, 192 So. 274; Henry v. Wilson, 224 Ala. 261, 138 So. 259; Brandon v. Chambers, 229 Ala. 327, 157 So. 235; Brandon v. State, 233 Ala. 1, 173 So. 238.

Therefore, if any of the offices designated for combination by bill No. 153, supra, is a public officer under section 96, supra, it necessarily follows that the act will be local and subject to the notice required by section 106 of the Constitution.

█ In the case of State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278, the Court considered the nature of public offices under section 96, supra, and held that it does not serve to prevent legislation creating a new office to meet the needs of large counties, or a class of counties, growing out of increased population, and the fixing of compensation, without an infringement of section 96, so that without an amendment of section 96 any county could attain the benefits of an act, such as there treated, on acquiring the necessary population. It was held that section 96 only applies to such county offices as are common to all counties. See, Baumhauer v. State ex rel. Smith, 240 Ala. 10 (3), 198 So. 272.

The effect of section 96, supra, hinges on whether all the offices sought to be combined by the proposed bill No. 153 were created to meet the growing needs of large counties. If any of them is a public office which by law is common to all counties in the State subject to section 96, it requires uniformity without the privilege of classification among those which are not exempt from it by constitutional amendment. Such uniformity need not exist as to Jefferson County and other counties exempted from section 96. But there could be no general law applicable to a class of counties, some of whose members could not attain the qualifications by reason of section 96, and any law made for such class would be local, notwithstanding its terms in that respect.

Section 835, Title 51, Code, is a general law applicable to all counties in the State and provides for a license inspector.

Section 865, Title 51, Code, provides for a commissioner of licenses for Jefferson County. This was superseded by the Act of September 9, 1949, Acts 1949, page 936, Title 62, section 143(16), which provides for a commissioner of licenses, purporting to apply to all counties with a population of over 350,000, and similar in terms to the act treated in the Henry case, supra, which supported section 865, Title 51, supra. It is a valid enactment under that case.

█ So that among the offices proposed to be combined, we have a license inspector of state-wide application, and therefore a public officer under section 96, supra, and a commissioner of licenses, holding an office specially created to meet the needs

of a certain class of counties and not under section 96. So that at least one of the statutory offices proposed to be combined is a public office common to all counties and is subject to section 96. Since all of the counties are not free from the restrictions of section 96, all the counties which might attain the population qualification cannot come into the class on account of such restrictions, and therefore bill No. 153 can only apply to those counties in the State which are at present free from those restrictions. It is therefore a local bill and is subject to section 106 of the Constitution.

(1) As we have indicated by the foregoing discussion, it is our view that House Bill No. 153 does propose a local law which is required to be advertised in accordance with section 106 of the Constitution.

(2) We do not think the bill would constitute a law when enacted contrary to the provisions of section 105 of the Constitution.

(3) We do not think the bill would constitute legislation by reference prohibited by section 45 of the Constitution.

(4) Nothing in the title of the bill seems to suggest a failure to comply with section 45 of the Constitution in respect to the sufficiency of its title.

(5) The fifth inquiry seems rather to call for an interpretation of the bill, or its legal effect, than its violation of some constitutional provision. It is apparently not within the range of section 34, Title 13, Code.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice.
JOEL B. BROWN,
ARTHUR B. FOSTER,
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
Associate Justices.