The defendants, persons who sought election as deputy circuit clerks pursuant to Ala. Code 1975, § 17-2-8,[1] appeal from a summary judgment in favor of the plaintiffs, who are circuit court clerks (the "circuit clerks"). Broadly stated, at issue is whether the defendants seek positions that do not exist under § 17-2-8, and in so doing, usurp the statutory authority of the circuit clerks to appoint persons to the position of deputy clerk.
Section 17-2-8 provides:
 "In all counties having more than five circuit judges, there shall be elected, at each election when clerks of the circuit court are elected, a deputy circuit clerk, who shall hold office during the term of the circuit clerk of such county and until his successor is elected and qualified."
When this action was filed, five counties, including Jefferson County, had legislative authority for more than five circuit court judgeships: the 6th Judicial Circuit, composed of Tuscaloosa County;[2] the 13th Judicial *Page 390 
Circuit, composed of Mobile County; the 15th Judicial Circuit, composed of Montgomery County; and the 23rd Judicial Circuit, composed of Madison County. The defendants had qualified to seek election to the office of deputy circuit clerk in their respective counties or court division: two had qualified in Tuscaloosa County; one had qualified in Mobile County; two had qualified in Montgomery County; two had qualified in Madison County; and one had qualified in the Birmingham Division of Jefferson County. The circuit clerks hold the offices of circuit court clerk for Jefferson County, Montgomery County, Madison County, and Tuscaloosa County.[3]
The circuit clerks sued the defendants for a declaratory judgment, averring that it was unlawful for "the individual defendants to seek to fill the office of elected deputy circuit clerk," because, they said, § 17-2-8 has been repealed, and, in any event, was never intended to provide for the existence of the elected deputy circuit clerk offices sought. Additionally, the circuit clerks complained that Alabama Code 1975, § 12-17-93, specifically empowers circuit court clerks to select and appoint persons for the deputy circuit clerk positions in question. They claimed that their rights would be "damaged irreparably if the individual defendants are allowed to run . . . for the position of deputy circuit clerk." Accordingly, in addition to a declaratory judgment, the circuit clerks sought injunctive relief to prevent the defendants from running for the positions in issue.[4] Based on undisputed material facts, the trial court entered a summary judgment in favor of the circuit clerks, ruling, in pertinent part, that § 17-2-8 had been repealed by implication and enjoining the counting of any votes cast for the defendants. Seven of the defendants appealed.[5] They argue that the trial court erred in ruling that § 17-2-8 has been repealed, and they assert that § 17-2-8 is properly construed as having a state-wide applicability. The circuit clerks argue that what is now § 17-2-8 was repealed by implication years ago, and they suggest that, in any event, the legislature never intended for what is now § 17-2-8 to have statewide applicability, but intended for it to apply only to Jefferson County, to provide for the office of elected deputy circuit clerk for the "Bessemer Division," an office not sought by any of the defendants.
The legal import of what is now § 17-2-8 is critical to the resolution of this case. First, unless as a matter of law § 17-2-8 provides for the elected offices sought, whether it has been repealed is of no consequence. Stated differently, if it was intended to apply only to Jefferson County, to provide for an elected deputy circuit clerk for the Bessemer Division, then the defendants, all of whom seek office elsewhere in the state, would be seeking nonexistent offices.
Second, and as will become apparent, it would be necessary to understand the legal import of what is now § 17-2-8 in order to determine whether it has been repealed by implication.
Because the proper construction of § 17-2-8 is determinative, we begin with a discussion of this provision, which first appeared in Ala. Acts 1915 and which has been recodified in all subsequent Codes. *Page 391 
 The Construction of § 17-2-8
Section 17-2-8 traces its roots to Ala. Acts 1915, No. 686, which provided for an elected deputy circuit clerk "in all counties that alone constitute a circuit in which there are more than three judges and the circuit court therein is held at the county site and at some other place in the county." Because this provision has a special meaning in relation to the 10th Judicial Circuit, we observe that for many decades, the 10th Judicial Circuit, which is composed of Jefferson County, has had the distinction of consisting of two separate divisions. One division is typically referred to as the "Birmingham Division" and the other is typically referred to as the "Bessemer Division" or the "Bessemer Cut-Off Division." Historically, the Bessemer Division has operated virtually as a separate judicial circuit, United Supply Co. v. HintonConstr. Dev., Inc., 396 So.2d 1047, 1049-50 (Ala. 1981), and, the record indicates, is the only area where an elected deputy clerk has ever served.
In practice, Act No. 686 applied only to Jefferson County, which was the only county that met its requirements. No other county could meet its requirements in the future without additional legislation,[6] because no other county had more than three circuit judgeships. Indeed, notwithstanding the broad language of Act No. 686 — providing literally for a deputy circuit clerk in "all counties" that met its requirements — inBrandon v. State, 233 Ala. 1, 173 So. 238 (1936), this Court clearly indicated that it was intended to be a local law, "applicable to the Bessemer Division."[7]
In this regard, Act No. 686 was not unusual in using broadly inclusive language to advance a hidden, and far narrower, intent of local applicability. During the early part of this century, it was not unheard of for the legislature to pass enactments as "general" statutes "which were in effect and application necessarily local," Preface to Ala. Code 1923, p. vi, and which were intended to have only local applicability. In Henry v. Wilson, 224 Ala. 261, 263, 139 So. 259, 261 (1932), the Court recognized the existing practice of wording an act with "a cloak of generality" so as "to save the expense or publicity of local legislation." In 1934, the Court in Abramsonv. Hard, 229 Ala. 2, 6-7, 155 So. 590, 593 (1934), cautioned: " 'It often happens that the true intention of the law-making body, though obvious, is not expressed by the language employed in a statute when that language is given its literal meaning. . . . [T]he real purpose and intent of the legislature will prevail over the literal import of the words.' " (Citation omitted.)
Given the foregoing, it is not surprising that the court inBrandon indicated that Act No. 686, the original source of what is now *Page 392 
§ 17-2-8, which was applicable by its literal terms to "all counties" that met its requirements, was in fact a local law, intended to provide for an elected deputy circuit clerk only in the Bessemer Division. At the time, the legislature had a notorious practice of enacting a provision intended as local, in the guise of a law of state-wide applicability, and "often" a court had to look beyond seemingly unambiguous language in such a statute in order to be able to discern and effectuate the legislature's "local" intent.[8] With this background, and given that absent future enactments, Act No. 686 could never
apply anywhere other than the home of the Bessemer Division, Jefferson County, the Brandon Court's discussion of it as a local law seems not only unsurprising, but well founded.
From its original enactment in 1915, as Act No. 686, the next step in the progression of what is now § 17-2-8 occurred with the adoption of the Code of 1923. In Brandon, the Court indicated that Act No. 686, a local law, had been "codified" in the 1923 Code, at § 421. Although the provision as codified at § 421 was not a complete recitation of Act No. 686,[9] it was materially unchanged in pertinent part, and perhaps for this reason the Court in Brandon viewed it as a "codification or adoption" of an existing provision, rather than as a new provision. Clearly, the codification in the 1923 Code retained the same practical applicability as its predecessor, Act No. 686, because absent future legislation giving other counties additional circuit judgeships so that they would have more than three, only Jefferson County could meet its requirements. Section 421, 1923 Code, provided:
 "In all counties having more than three circuit judges there shall be elected at each election when clerks of the circuit court are elected, a deputy circuit clerk, who shall hold office during the term of the circuit clerk of such county, and until his successor is elected and qualified."
As to this codification, § 421, we emphasize the import of the statement in Brandon — that it was a codification of an existing local law. This factor is critical to the proper construction of the applicability of § 421, and any subsequent codifications of it, including § 17-2-8. This Court has stated:
 "We believe it is pertinent to point out that there exists, and has long existed, in this state, a principle that when the legislature readopts a code section, or incorporates it into a subsequent Code, prior decisions of this court permeate the statute, and it is presumed that the legislature deliberately adopted the statute with knowledge of this court's interpretation thereof."
Edgehill Corp. v. Hutchens, 282 Ala. 492, 495-96,213 So.2d 225, 227-28 (1968). "A long line of cases hold that where the legislature re-enacts a statute . . . which has been previously construed by the judiciary, the construction given in a prior decision must be accepted as part of the same." Musgrove v.U.S. Pipe Foundry Co., 290 Ala. 156, 159, 274 So.2d 640, 643
(1972), overruled on other grounds, Tetter v. State,358 So.2d 1046 (Ala. 1978). In Nolen v. Clark, 238 Ala. 320, 191 So. 342
(1939), the Court held that where a statute is reenacted without material change, "it must be assumed that the Legislature was familiar with its interpretation by this court and was satisfied therewith."
As stated above, in Brandon, a 1936 case, the Court indicated that § 421, 1923 Code, was a "codification and adoption" of alocal law applicable to the Bessemer Division. 233 Ala. at 1,173 So. at 238. This would control as to any subsequent codifications of the provision in issue; any such codifications would have an established construction as a local law
applicable to the Bessemer Division. *Page 393 
Following the Brandon decision, the Code of 1940 replaced the 1923 Code. In the 1940 Code, § 421 (which Brandon had indicated was a codification of a local law), was recodified without change at Title 17, § 73. Consistent with the rule that a prior construction is binding on subsequent adoptions, the provision from § 421, as codified in the Code of 1940, and as materiallyunchanged in subsequent codifications to the present,[10] would also be construed as a local law applicable to the Bessemer Division. Unfortunately, this point has evidently been obscured by time and events, and that obscuring has perhaps led to the present confusion that results in the idea that § 17-2-8 is intended to apply statewide, i.e., literally to "all counties," as the defendants contend.
Despite the fact that the literal "all counties" language of the provision in issue is, at a minimum, highly misleading as to its local applicability, it has never been expressly repealed, notwithstanding the legislature's inclusion in the Code of 1940 of language specifically referring to the Bessemer Division. To elaborate, when the legislature recodified the provision at § 421 of the 1923 Code, as a part of the Code of 1940, it also adopted as a part of the Code of 1940, Title 13, § 199, a separate provision with language specifically referring to the Bessemer Division. Section 199 directly provided for the election of a deputy clerk for the Bessemer Division.[11] Moreover, the parties agree that § 199 was a local law, providing only for the office of elected deputy clerk for the Bessemer Division,[12] and that like the separate provision carried over into the Code of 1940 from § 421 of the 1923 Code, § 199 also derives from Acts 1915, No. 686.
In short, what had previously been a single provision providing for the position of elected deputy clerk, first as Act No. 686, Ala. Acts 1915, and then as § 421 of the 1923 Code, appeared as two different provisions in the Code of 1940, both deriving from the same source, Ala. Acts 1915, No. 686. The parties assert that one of those 1940 provisions, § 199, authorized only the election of a deputy clerk for the Bessemer Division. The language of the other provision, the one carried over from § 421, although that provision had been construed as a local law applicable only to the Bessemer Division, literally stated that an elected deputy clerk was authorized in "all counties" with more than three circuit judgeships.
The question posed by the inclusion in the Code of 1940 of the two separate provisions deriving from the same source, as implicitly framed by the trial court, was whether the "all counties" provision in § 421 of the 1923 Code was impliedly repealed by the adoption of Title 13, § 199, Code of 1940 (which, the parties agree, was applicable only to the Bessemer Division).[13] If, as the trial court suggested, the "all counties" language from § 421 was "irreconcilable" with the narrower language in § 199, then the court properly held that the later provision, § 199, repealed the provision carried over from § 421. See Merrell v. City of Huntsville, 460 So.2d 1248, 1251
(Ala. 1984). Stated differently, for the court to properly find an implicit repeal, the statutes in issue would have to be "directly repugnant." Id.; Fletcher v. Tuscaloosa *Page 394 Fed. Sav. Loan Ass'n, 294 Ala. 173, 314 So.2d 51 (1975).
 Analysis of the Purported 1940 Repeal
The trial court held that Code of 1940, Title 13, § 199, repealed the provision carried over from § 421, and accordingly, that any subsequent codification of the provision from § 421, e.g., § 17-2-8, was void. The trial court suggested that because the literal language of the provision from § 421 purported to apply to "all counties," it was in direct conflict with § 199, which, the parties agree, applied only to provide for an elected deputy circuit clerk for the Bessemer Division. However, to perceive a conflict between the applicability of § 199, to the extent that it provides, according to the parties, only for an elected deputy clerk for the Bessemer Division, and the "all counties" language from § 421, is to wrongly assume that the provision from § 421 is properly construed literally. As we have suggested, whatever its literal language, the provision from § 421 is properly construed consistent with the legislative intent that it be a local law applicable to the Bessemer Division.
It is long-established and familiar law that legislative intent, the "polestar" for interpreting a statute, determines the meaning of a statute. See, e.g., Sunflower Lumber Co. v.Turner Supply Co., 158 Ala. 191, 48 So. 510 (1909) (indicating that in interpreting a statute, "the intention of the legislature must be ascertained and must govern"); Ex parteJordan, 592 So.2d 579, 581 (Ala. 1992) (stating that it is "familiar law in the interpretation of statutes" that "the intent of the legislature is the polestar by which this Court must be guided"). As we have indicated, the proper construction of § 421, the defining "intent" that must guide us, is that § 421 was a codification of a local law applicable only to the Bessemer Division. Thus, if the purported source of the conflict, the "all counties" language of § 421, 1923 Code, cannot properly be construed to have a statewide applicability, but is properly construed as applicable only to Jefferson County's Bessemer Division, and if Code of 1940, Title 13, § 199, as the parties agree, has an identical applicability, then there is no conflict as to applicability. If both statutes apply only to provide for an elected deputy circuit clerk for the Bessemer Division, then those two provisions may beredundant in pertinent part,[14] but they are hardly "irreconcilable" or "directly repugnant."
Assuming, as the parties agree, that Code of 1940, Title 13, § 199, was a local law applicable only to provide the Bessemer Division with an elected deputy circuit clerk, and holding, as we do, that the provision from § 421, recodified in the 1940 Code, and recodified today at § 17-2-8, is applicable only to provide the Bessemer Division with an elected deputy circuit clerk, we must conclude that the trial court wrongly reasoned that the two provisions were irreconcilable as to applicability. We conclude, therefore, that the trial court erred in holding, on that basis, that Title 13, § 199, Code of 1940, repealed the provision carried over into the Code of 1940 from § 421, 1923 Code. However, that holding was harmless error.
Because the statutory provision under which the defendants seek office, a statute now appearing as § 17-2-8, Ala. Code 1975, must be construed as applying only to the Bessemer Division, and because the defendants seek election as deputy clerks in other counties, we must conclude that the defendants seek nonexistent offices. It is undisputed that Ala. Code 1975, § 12-17-93, gives the circuit clerks authority to appoint
deputy circuit clerks, except where the law otherwise provides for the election of a deputy circuit clerk.[15] If § 17-2-8 does not provide for the election of deputy circuit clerks to the *Page 395 
positions these defendants seek, then the defendants' efforts to fill these offices through the electoral process usurps the authority of the circuit clerks. Therefore, we conclude that the circuit clerks were entitled to a judgment as a matter of law; their summary judgment must be affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON, and INGRAM, JJ., concur.
COOK and BUTTS, JJ., dissent.
[1] Defendants other than these persons were named in the complaint. However, none of those other defendants is involved in this appeal.
[2] Authority for a sixth judgeship in Tuscaloosa County was provided by Act No. 93-882, Ala. Acts 1993, but certain legal prerequisites to the actual creation of this judgeship have not been met.
[3] There is no issue on appeal whether, in the absence of the Mobile County circuit clerk as a plaintiff in this lawsuit, any of the other circuit clerks in this case have standing to sue the defendant who qualified to seek office in Mobile County.
[4] The defendants argue that the circuit clerks wrongfully sought an advisory opinion in this case. See Wallace v. Burleson,361 So.2d 554 (Ala. 1978) (discussing advisory opinions in the declaratory judgment context). However, this argument is premised on the incorrect assumption that the circuit clerks sued for a declaration of the respective rights and duties of the parties in the future event that the defendants wereelected. The circuit clerks' complaint suggested that, if elected, the defendants would provide a "duplication of services" that "would be a waste of taxpayers' dollars," but, as we have indicated, the circuit clerks sued for injunctive relief and for a declaration that the defendants had no authority to "seek" the office of elected deputy circuit clerk, which the defendants were admittedly doing when the circuit clerks filed their complaint.
[5] One of the defendants who had sought office in Tuscaloosa County did not appeal from the trial court's judgment.
[6] In the same session at which the legislature enacted Act No. 686, it enacted legislation to provide the 10th Judicial Circuit, Jefferson County, with 10 circuit judgeships. Previously, that circuit had had two circuit judgeships. See Ala. Acts 1907, No. 215; Acts 1915, No. 712.
No legislation was enacted giving any other circuit authority for more than three circuit judgeships until 1953. See Ala. Acts 1953, No. 526.
[7] Brandon involved the construction of a law enacted in 1923, which the Court declared to be have been enacted in a manner contrary to the Constitution of 1901, § 106, which set requirements for the passage of local laws. That 1923 law had provided for the office of deputy clerk for the "criminal division" of all counties meeting certain requirements, but it was determined to be a local law, because it was applicable only to Jefferson County at the time of its enactment and could not apply to any other county absent additional legislation.
In striking down the 1923 law as unconstitutional, the Court emphasized, however, that § 421 of the 1923 Code, which "seems to be a codification of the Act of 1915" (Gen.Acts 1915, p. 741, §§ 1-3 [Act. No. 686]) applicable to the Bessemer Division, 233 Ala. at 4, 173 So. at 240, "would validly provide for an elected deputy circuit clerk, notwithstanding its character as a local law."
The Court reasoned that § 106 of the Constitution, which addressed the requisites for enactment of a "special, private, or local law," had "no application to the adoption of the Code [of 1923], and therefore, though the act of 1915 [Act No. 686] was passed in violation of section 106, its codification and adoption as part of the Code of 1923 made it valid."
As to procedural deficiencies in enacting a statute that is later codified, see Fuller v. Associates Commercial Corp.,389 So.2d 506, 509 (Ala. 1980) (stating that "[a]ll infirmities of legislative procedure in enacting an original act are cured when the act is incorporated into a code and the code adopted by the legislature").
[8] See, e.g., Board of Revenue v. Johnson, 200 Ala. 533, 534,76 So. 859, 860 (1917), (holding that a law of seemingly general applicability was, in fact, a "special" law intended to apply only to Jefferson County, because it "singles out and withdraws from the influence of the general law a certain class of counties, by a distinction which is applicable at present only to Jefferson County").
[9] We observe that in the Preface to the 1923 Code, the Code Commissioner suggested that he edited existing laws that were "in effect and application necessarily local," to give such laws a less "local" appearance. Preface to 1923 Code, p. vi.
[10] It is undisputed that the provision was altered, but not substantially, in 1953, when it was changed to increase the number of circuit judgeships required to trigger its applicability from "more than three" to "more than five," see Act No. 511, Ala. Acts 1953, as it appears today at § 17-2-8.
[11] That section provided, in pertinent part:
 "At the general election held on the first Tuesday after the first Monday in November, 1940, and every six years thereafter there shall be elected by the qualified voters of the territory over which the circuit court of the tenth judicial circuit, sitting at Bessemer, has and exercises jurisdiction, a deputy clerk of the circuit court, who shall hold office for six years and until his successor is elected and qualified. . . ."
[12] In particular, the defendants state: "It is undisputed that title 13, § 199 is a local bill which appellees [the circuit clerks] concede only applies to Bessemer."
[13] Although the trial court stated that Title 13, § 199, "expressly amends and repeals all inconsistent previous statutory provisions " — specifically, "[s]ection 421" — it is very clear from the whole of its summary judgment order that it was referring to a repeal by implication based on express language in § 421, which it held to be inconsistent with § 199.
[14] In suggesting that the provisions are redundant in pertinent part, we recognize that, as the defendants argue, it is presumed that the legislature did not do a futile thing in enacting a statute. Fletcher, 294 Ala. at 173, 314 So.2d at 51. However, this rule operates to aid in determining the legislative intent, see id.; Haralson v. State ex rel. King,260 Ala. 473, 71 So.2d 79 (1954); Ott v. Moody, 283 Ala. 288,216 So.2d 177 (1968), and has no place here, where the legislature has merely recodified a provision that has anestablished construction.
[15] Presently, § 12-17-98 provides for the election of a deputy circuit clerk for the Bessemer Division.